**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| JA SOLAR VIETNAM COMPANY LIMITED, JA SOLAR PV VIETNAM COMPANY LIMITED AND JA SOLAR USA INC., ))))) | |
| Plaintiffs, )) | |
| v. ) | Ct. No. 26-03142 Nonconfidential Version |
| UNITED STATES, )) | |
| Defendant. ))) | |

**COMPLAINT**

Plaintiffs JA Solar Vietnam Company Limited, JA Solar PV Vietnam Company Limited and JA Solar USA Inc. (collectively "JA Solar"), by and through their counsel, allege as follows[1]:

**I.      PROCEEDING UNDER REVIEW**

1.      This action seeks judicial review of the decision by the Department of Commerce ("Commerce") not to initiate the scope inquiry after receiving JA Solar's scope ruling application requesting Commerce to determine whether JA Solar's Vietnamese solar cells and modules made from non-Chinese wafers are outside the scope of the antidumping ("AD") and countervailing duty ("CVD") orders on crystalline silicon photovoltaic cells, whether or not assembled into modules from the People's Republic of China ("China Orders").  See Letter From Dep't of Commerce to JA Solar Vietnam Company Limited re: Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's

---

[1] JA Solar will file the confidential version of the complaint after establishing a protective order from the Court pertaining to the confidential information contained in the attached Declaration. Counsel for JA Solar separately provides a Form 17 relating to the proprietary information filed in its scope ruling request at the U.S. Department of Commerce.

Republic of China: Scope Inquiry (May 27, 2026) (ACCESS barcode 4923860-01) (Public Document), attached as Ex. 2 ("Commerce Denial Letter"). The scope ruling application in question is specific to entries of crystalline silicon photovoltaic cells, whether or not assembled into modules ("solar cells and modules"), produced in Vietnam using non-Chinese wafers, imported between April 1, 2022 and October 4, 2024.

## II.    JURISDICTION

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and section 516A(a)(2)(A)(ii), (B)(vi) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(A)(ii), (B)(vi). Specifically, by declining to initiate a scope inquiry, after U.S. Customs and Border Protection ("CBP") reclassified JA Solar's entries to Type 03 for failing to meet certain certification requirements as described below, Commerce in effect determined that JA Solar's merchandise, which should be found to be non-scope as JA Solar produced the solar cells and modules using non-Chinese wafers, are nevertheless a "particular type of merchandise . . . within the class or kind of merchandise described in an existing finding of dumping or antidumping or countervailing duty order." 19 U.S.C. § 1516a(a)(2)(B)(vi).

3.    Alternatively, if this Court finds that Commerce's decision not to initiate a scope inquiry does not constitute a reviewable determination under 19 U.S.C. § 1516a(a)(2)(B) and thus does not fall within the Court's jurisdiction under 28 U.S.C. § 1581(c), this Court has jurisdiction under 28 U.S.C. § 1581(i), 28 U.S.C. § 2631(i), and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 704, 706. See Ford Motor Co. v. United States, 688 F.3d 1319, 1323 (Fed. Cir. 2012) (stating that 28 U.S.C. § 1581(i) can be invoked only when no other subsection of § 1581 is available); see also Hou. Shutters LLC v. United States, 50 CIT __, __, 816 F. Supp. 3d 1349, 1355-1356 (2026) (concluding that the Court has § 1581(i) jurisdiction over an action challenging

Commerce's decision not to initiate a changed circumstances review); <u>Bioparques de Occidente, S.A. de C.V. v. United States</u>, 49 CIT __, __, 777 F. Supp. 3d 1332, 1342 (2025) (concluding that the Court could have § 1581(i) jurisdiction over an action challenging Commerce's decision not to initiate a changed circumstances review, despite the plaintiff-intervenor failing to allege § 1581(i) jurisdiction).

4.      28 U.S.C. § 1581 provides that "the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for . . . tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue," 28 U.S.C. § 1581(i)(1)(B), and "administration and enforcement with respect to the matters referred to in paragraphs (A) through (C) of this paragraph and subsections (a)–(h) of this section." <u>Id.</u> § 1581(i)(1)(D).

5.      Commerce is a federal agency and through its decision not to initiate a scope ruling, Commerce failed to exercise its statutory duty to enforce the scope of the China Orders, which "provid{e} for . . . tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue." 28 U.S.C. § 1581(i)(1)(B). Further, Commerce engaged in "administration and enforcement" of "tariffs, duties, fees, or other taxes" by declining to initiate a scope inquiry as CBP will now collect AD/CVD on JA Solar's non-scope merchandise. 28 U.S.C. § 1581(i)(1)(B), (D).

6.      In addition, 28 U.S.C. § 2631(i) provides that "{a}ny civil action of which the Court of International Trade has jurisdiction, other than an action specified in subsections (a)–(h) of this section, may be commenced in the court by any person adversely affected or aggrieved by agency action within the meaning of section 702 of title 5." The APA provides that "{a}gency action

3

made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. Further, the APA provides for broad judicial review of agency actions brought by "person{s} suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of the relevant statute." Id. § 702. The APA defines agency action to include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13) (emphasis added). Commerce's decision not to initiate the scope inquiry is a reviewable agency action within the meaning of the APA and, therefore, this Court has jurisdiction under 28 U.S.C. § 1581(i).

7.    If this Court determines that jurisdiction under 28 U.S.C. § 1581(c) is not available, no other subsection of § 1581 can be the appropriate basis for the Court's jurisdiction. Specifically, jurisdiction under 28 U.S.C. § 1581(a) is unavailable because CBP's reclassification of JA Solar's entries to Type 03 is not the "true nature" of JA Solar's claims in this current action. Greentech Energy Sols. v. United States, 48 CIT __, __, 714 F. Supp. 3d 1315, 1330 (2024) (holding that the "true nature" of Plaintiff's claim was challenging CBP's determination to reject certifications and therefore jurisdiction was available under 28 U.S.C. § 1581(a)). The "true nature" of JA Solar's claims relates to Commerce's decision not to initiate the scope inquiry and Commerce's refusal to exercise its statutory duty to enforce the scope of the China Orders. CBP does not have statutory authority to make scope determinations, which was exactly the reason why JA Solar submitted a scope ruling application requesting Commerce to determine that JA Solar's solar cells and modules are non-scope merchandise.

8.    Nor are JA Solar's claims amenable to a protest as CBP performed a ministerial role in converting JA Solar's entries to Type 03 such that they were pulled within Commerce's

4

**Nonconfidential Document**
**Confidential Information Removed**

purview under the China Orders.  See Greentech, 714 F. Supp. 3d at 1330 (holding that a protest with CBP was a proper recourse after liquidation and therefore proper jurisdiction fell under 19 U.S.C. § 1581(a)).  In Greentech, the Court found that Plaintiff's legal challenge was amenable to a protest because CBP took more than "ministerial action" as Commerce's instructions provided CBP with "leeway" in determining "what CBP should do when an importer lacks timely-signed certifications but can provide documentation potentially supporting the claimed country of origin and which, if so proven, would demonstrate that the imported products are not covered by the AD/CVD Orders."  Greentech, 714 F. Supp. 3d at 1327.  Here, CBP did not have similar flexibility to convert JA Solar's entries to Type 03 once it determined that JA Solar failed to meet certain certification requirements.  Specifically, Commerce's instructions to CBP were that if CBP:

> determined that an importer and/or exporter has not met the certification and/or related documentation requirements for certain entries that are described in either paragraph 14, 15, 16, 17, or 18 below, CBP is instructed to suspend, pursuant to the final country-wide affirmative determinations of circumvention and the AD and CVD orders on crystalline silicon solar cells and solar modules from China, all unliquidated entries for which these requirements were not met and require the importer to post applicable AD and CVD cash deposits equal to the rates noted above.

CBP Message No. 3243401 (Aug. 31, 2023), attached as Ex. 3.  If CBP determined that an importer did not meet the certification requirements, unlike Greentech where the Court found that CBP had flexibility to determine what action it could take, here Commerce expressly instructed CBP to: 1) suspend the entry and 2) collect AD and CVD cash deposits.  CBP's conversion of JA Solar's entries to Type 03, thus, was not amenable to a protest and jurisdiction under 28 U.S.C. § 1581(a) is not available to resolve the scope question posed by Plaintiffs.

9.    Jurisdiction is also not available under 28 U.S.C. § 1581(a) because it would be manifestly inadequate to address JA Solar's claims.  Under [

**Nonconfidential Document**
**Confidential Information Removed**

].

10. For these reasons, if this Court determines that jurisdiction under § 1581(c) is not available, this Court has jurisdiction over JA Solar's claims under 28 U.S.C. § 1581(i).

### III.    STANDING

11. JA Solar is an "interested party" and was "a party to the proceeding" in the scope ruling application. 28 U.S.C. § 2631(c). JA Solar consists of a domestic importer and foreign producers and exporters of the solar cells and modules covered in the scope ruling application. JA Solar is, therefore, an "interested party" within the meaning of sections 771(9)(A) and 516A(f)(3) of the Act, 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3). In addition, JA Solar was a party to the proceeding because JA Solar filed the scope ruling application and responded to Commerce's supplemental questionnaire. See 19 C.F.R. § 351.102(b)(36) (2026) (defining party to the proceeding as "any interested party that actively participates, through written submissions of factual information or written argument, in a segment of a proceeding"). Accordingly, JA Solar has standing to commence this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

12. JA Solar also has constitutional and statutory standing to bring this action under 28 U.S.C. § 2631(i), which provides "{a}ny civil action of which the Court of International Trade has

**Nonconfidential Document**
**Confidential Information Removed**

jurisdiction . . . may be commenced in the court by any person adversely affected or aggrieved by agency action within the meaning of section 702 of title 5." 28 U.S.C. § 2631(i). JA Solar is the party that filed the scope ruling application and responded to Commerce's supplemental questionnaire. JA Solar has suffered actual and irreparable harm, and is within the zone of interests intended to be protected by 19 U.S.C. §§ 1671, 1673 and 19 C.F.R. § 351.225 (2026) because, as a result of Commerce's determination not to initiate a scope inquiry, JA Solar's non-scope solar cells and modules will be assessed AD/CVD by CBP on liquidation.

13.    Indeed, in late 2024, CBP prematurely liquidated a subset of JA Solar USA Inc.'s entries during this time period and issued bills to JA Solar USA Inc. for [                    ]. See JA Solar Decl. ¶ 36, attached as Ex. 1. CBP withdrew its demand to JA Solar USA Inc. for an additional [         ] to be added to JA Solar USA Inc.'s continuous bond based on this claim amount, since CBP agreed with JA Solar USA Inc. that CBP lacked any liquidation instructions from Commerce at the time of the liquidation and that CBP therefore liquidated those entries prematurely. Id. Those protests remain suspended. Id. JA Solar USA Inc. estimates that it has total value of [            ] worth of imports of solar cells and modules between April 1, 2022 and October 4, 2024 that either have been or may be converted by CBP to Type 03 and assessed AD/CVD. Id. ¶ 14. JA Solar USA Inc. estimates that the total AD/CVD is roughly [       ] not including interest. Id. ¶ 16.

14.    Payment of these duties would [

**Nonconfidential Document**
**Confidential Information Removed**

]. Id.

15.    If CBP issues bills to JA Solar USA Inc. for its non-scope merchandise, the company would have no choice but to [

]. Id. ¶ 18.

16.    For these reasons, JA Solar qualifies as a "person" adversely affected or aggrieved by an agency action within the meaning of 5 U.S.C. § 702, and as an "individual" aggrieved by Commerce's failure to initiate a scope inquiry.

## IV.    TIMELINESS OF THIS ACTION

17.    JA Solar filed a summons concurrently with this complaint on June 26, 2026, within 30 days of the publication on ACCESS of Commerce's decision not to initiate the scope inquiry. See Summons (June 26, 2026), ECF No. 1; Commerce Denial Letter, attached as Ex. 2.  Thus, JA Solar's summons and complaint are timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(ii)[2] and (B)(vi) and USCIT Rule 3(a)(2).

18.    Further, under the alternative jurisdiction, 28 U.S.C. § 1581(i), JA Solar's summons and complaint are timely pursuant to 28 U.S.C. § 2636(i) and USCIT Rule 3(a)(3) because they are both concurrently filed within two years after the cause of action (i.e., Commerce's failure to initiate a scope inquiry) first accrued.

---

[2] The deadline for challenging class or kind determinations is keyed off of the mailing of Commerce's decision under 19 U.S.C. § 1516a(a)(2)(A)(ii). Notably, Commerce did not mail its decision not to initiate in accordance with the statutory requirements. Thus, under the statute, the deadline has yet to start to run. Regardless, JA Solar is filing this complaint within 30 days of notice of Commerce's decision not to initiate, and thus the summons and complaint are timely.

## V.    STATEMENT OF FACTS

### The China Orders and Commerce's Anti-Circumvention Inquiries

19.    Commerce initiated the AD and CVD investigations of crystalline silicon photovoltaic cells, whether or not assembled into modules from the People's Republic of China on November 16, 2011, following the filing of the petition on October 19, 2011.  See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Initiation of Antidumping Duty Investigation, 76 Fed. Reg. 70,960 (Dep't of Commerce Nov. 16, 2011); Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Initiation of Countervailing Duty Investigation, 76 Fed. Reg. 70,966 (Dep't of Commerce Nov. 16, 2011).   The International Trade Commission ("Commission") simultaneously conducted its investigation.  See Crystalline Silicon Photovoltaic Cells and Modules From China; Institution of Antidumping and Countervailing Duty Investigations and Scheduling of Preliminary Phase Investigations, 76 Fed. Reg. 66,748 (Int'l Trade Comm'n Oct. 27, 2011).

20.    On December 7, 2012, Commerce issued the China Orders following affirmative AD/CVD determinations and an affirmative injury determination by the Commission.  See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Duty Order, 77 Fed. Reg. 73,018 (Dep't of Commerce Dec. 7, 2012); Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Countervailing Duty Order, 77 Fed. Reg. 73,017 (Dep't of Commerce Dec. 7, 2012).

21.    On April 1, 2022, Commerce initiated circumvention inquiries to determine whether solar cells and modules, which are completed in Cambodia, Malaysia, Thailand, or

Vietnam using parts and components from China, are circumventing the China Orders.  See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Initiation of Circumvention Inquiry on the Antidumping Duty and Countervailing Duty Orders, 87 Fed. Reg. 19,071 (Dep't of Commerce Apr. 1, 2022).

22.     During Commerce's circumvention inquiries, on June 9, 2022, President Biden issued a Presidential Proclamation declaring that a national emergency existed with respect to the availability of sufficient electricity generation capacity such that President Biden ordered a moratorium on the imposition of additional AD/CVD on imports of solar cells and modules from Cambodia, Malaysia, Thailand and Vietnam for a period of 24 months regardless of Commerce's final determinations in its circumvention inquiries.  See Proclamation No. 10414, Declaration of Emergency and Authorization for Temporary Extensions of Time and Duty-Free Importation of Solar Cells and Modules From Southeast Asia, 87 Fed. Reg. 35,067, 35,068 (June 9, 2022) ("Presidential Moratorium").

23.     On August 23, 2023, Commerce published its affirmative determinations with respect to certain solar cells and modules that have been completed in Cambodia, Malaysia, Thailand, or Vietnam, using parts and components from China.  See Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam, 88 Fed. Reg. 57,419 (Dep't of Commerce Aug. 23, 2023) ("Final Circumvention Determination").

24. As part of its affirmative circumvention finding, Commerce established certification regimes whereby exporters and importers could certify that their merchandise was not subject to AD/CVD. See id. at 57,422.

25. For instance, an importer and exporter could certify that the merchandise was not subject to AD/CVD because the merchandise was imported during the national emergency identified by the President (i.e., the "Appendix IV" regime). See id.

26. An importer and exporter could also certify that the merchandise does not contain sufficient Chinese components to fall under Commerce's affirmative circumvention determinations (i.e., the "Appendix VI" regime). See id.

27. Exports from Vietnam and those three other countries subject to Commerce's affirmative circumvention determinations and associated with the third-country case number are subject to a "stop" order from Commerce to CBP halting any liquidation pending further instructions from Commerce. See CBP Message No. 3041408 (Feb. 10, 2023), attached as Ex. 4; CBP Message No. 3243401 (Aug. 31, 2023), attached as Ex. 3; CBP Message No. 3076407 (Mar. 17, 2023), attached as Ex. 5.

28. Specifically, CBP Message Nos. 3041408 and 3243401 provide that:

> 12b. Importers and exporters must complete the applicable certification, and meet the documentation and other requirements detailed below, in order for the entry to not be subject to the suspension of liquidation and cash deposit requirements described above. If it is determined that an importer and/or exporter has not met the certification and/or related documentation requirements for certain entries that are described in either paragraph 14, 15, 16, 17, or 18 below, CBP is instructed to suspend, pursuant to the preliminary country-wide affirmative determinations of circumvention and the AD and CVD orders on solar cells and solar modules from China, all unliquidated entries for which these requirements were not met and require the importer to post applicable AD and CVD cash deposits equal to the rates noted above.

CBP Message 3041408, ¶ 12b; CBP Message 3243401, ¶ 12b.

11

29.     Further, in CBP Message No. 3076407, covering the tenth AD administrative review, Commerce instructed CBP to <u>not</u> liquidate any entries with the application of AD/CVD in connection with the circumvention cases:

> Commerce is currently conducting circumvention inquiries on whether crystalline silicon photovoltaic cells, whether or not assembled into modules, that have been completed in, and exported from, Cambodia, Malaysia, Thailand, or Vietnam using parts and components manufactured in China are covered by the scope of the antidumping and countervailing duty orders on crystalline silicon photovoltaic cells, whether or not assembled into modules, from China. In message 3041408, dated 2/10/23, for entries of merchandise covered by the inquiries not already subject to the suspension of liquidation, Commerce instructed CBP to suspend liquidation of: Southeast Asian-Completed Cells and Modules that were entered, or withdrawn from warehouse, for consumption during the period 04/01/2022 through 06/05/2024, (the day before the currently-scheduled date of termination of the Presidential Proclamation), for which the certification requirements described in either paragraph 14, 15, 16, 17, or 18 of message 3041408 have not been met. <u>CBP should not liquidate entries suspended pursuant to message 3041408 until specific liquidation instructions are issued.</u>

CBP Message 3076407, ¶ 6 (emphasis added).  Messages 3041408, 3243401 and 3076407 operated together to (1) expand the application of the China AD Order to exports of solar cells and modules with country of origin Vietnam, Thailand, Cambodia or Malaysia that meet certain unique criteria established by the Presidential emergency proclamation, while (2) preserving them in suspended status pending "specific liquidation instructions."

30.     JA Solar served as either an exporter or an importer of solar cells and modules from Vietnam that entered duty-free in accordance with Proclamation 10414 of June 6, 2022, and <u>Procedures Covering Suspension of Liquidation, Duties and Estimated Duties in Accord With Presidential Proclamation 10414</u>, 87 Fed. Reg. 56,868 (Dep't of Commerce Sept. 16, 2022) ("<u>Solar Circumvention Procedures</u>"); <u>see also</u> <u>Presidential Moratorium</u>, 87 Fed. Reg. at 35,068.

31.     Specifically, JA Solar certified that its imports of solar cells and modules were not subject to AD/CVD because JA Solar imported the solar cells and modules during the national

emergency identified by the President (i.e., the "Appendix IV" regime).  See Final Circumvention Determination, 87 Fed. Reg. at 57,422.

32.      JA Solar initially only submitted Appendix IV certifications for two reasons.  First, Commerce did not finalize the parameters of the "Appendix VI" certification regime until its final circumvention determination and even then, this certification regime was initially challenged on appeal.  See Stipulation of Dismissal (Ct. Int'l Trade May 10, 2024), Auxin Solar Inc. v. United States, No. 23-00224, ECF No. 51, attached as Ex. 6.  Second, it was not initially clear whether an importer could file both Appendix IV and Appendix VI certifications at the same time.  During Commerce's circumvention inquiries, one interested party asked Commerce whether it was lawful for an importer to provide CBP with more than one certification if there were multiple bases for exemption from AD/CVD.  See Letter on Behalf of Jinko Solar Technology Sdn. Bhd. et al. to Dep't of Commerce re: Request for Clarification and Extension of Time to Submit Certifications at 2 (Dec. 16, 2022) (ACCESS barcode 4320873-01) (Public Document), attached as Ex. 7 ("1. Are Appendix IV and Appendix VI entries/ certifications mutually exclusive? a. Does merchandise that qualify under Appendix VI (i.e., excluded merchandise) also qualify as an "Applicable Entry" which can be certified under Appendix IV? b. If not mutually exclusive, can an importer submit dual certifications to CBP under Appendix VI and Appendix IV?").  Rather than provide a quick response to that question, Commerce said nothing for 11 months until its final determinations, leaving importers with a Hobson's choice of (1) submitting two certifications when Commerce did not confirm that option for many months, (2) filing Appendix IV implementing a Presidential declaration of emergency that was later found to be unlawful, or (3) submitting Appendix VI despite the fact that the parameters of that appendix were under legal debate, yet Commerce's regulation allowed for no amendments to certifications after the time of entry to conform to

potential changes in Appendix VI.  See Final Circumvention Determination, and accompanying Issues and Dec. Mem. for the Circumvention Inquiry with Respect to Malaysia at 78 (ACCESS barcode 4419742-02), attached as Ex. 8 ("We confirm that importers and exporters may complete certifications under both Appendix IV and Appendix VI of the Preliminary Determination"); see also Final Circumvention Determination, and accompanying Issues and Dec. Mem. for the Circumvention Inquiry with Respect to Vietnam at 83 (ACCESS barcode 4419747-02), attached as Ex. 30.

33.    Later, once the legality of the Appendix IV regime was challenged on appeal and after it became clear that an importer could submit more than one certification as detailed above, JA Solar supplemented its certifications to further certify that its merchandise did not contain sufficient Chinese components to fall under Commerce's affirmative circumvention determinations (i.e., the "Appendix VI" regime).  See Auxin Solar, Inc. v. United States, 49 CIT __, 798 F. Supp. 3d 1331 (2025) (holding unlawful the "certification regime" promulgated under 19 C.F.R. § 362).

34.    As of the date of this filing, the appeal challenging the legality of the Appendix IV regime is ongoing at the U.S. Court of Appeals for the Federal Circuit, with the United States having withdrawn from the case.  See Order (Fed. Cir. Feb. 5, 2026), Auxin Solar Inc. v. United States, No. 2025-2120, ECF No. 36, attached as Ex. 9.

**CBP's Enforcement of the Certification Regime and Commerce's Refusal to Conduct a Scope Inquiry During the Relevant AD/CVD Reviews of the China Orders**

CBP's Conversion of JA Solar's Entries Following the Opportunity to Request the Eleventh AD/CVD Reviews on the China Orders

35.    Between December 2023 and January 2024, while certain interested parties requested that Commerce conduct the eleventh administrative reviews of the China Orders (the

2022-2023 AD review and the 2022 CVD review), JA Solar did not request a review for its Vietnamese exports because JA Solar had been using the appendices from the circumvention determinations to certify that its Vietnamese exports were not subject to AD/CVD under the China Orders. Prior to the deadline to request an administrative review, JA Solar had no suspended Type 03 entries for its Vietnamese exports during the applicable periods of review ("PORs") and therefore had no reason or ability to request a review of its entries.

36. On February 8, 2024, Commerce initiated the eleventh administrative review of the China AD Order covering the POR December 1, 2022 through November 30, 2023 and the China CVD Order covering the POR January 1, 2022, through December 31, 2022. See Initiation of Antidumping and Countervailing Duty Administrative Reviews, 89 Fed. Reg. 8,641 (Dep't of Commerce Feb. 8, 2024).

37. Long after the initiation of the eleventh administrative reviews, in late 2024, CBP began questioning the applicability of the certifications provided by JA Solar. CBP did not review the physical characteristics of JA Solar's merchandise and instead rejected JA Solar's certifications for process-related reasons, such as minor typographical errors like a missing written date in the certification.

38. As a result, CBP began converting JA Solar's entries of Vietnamese solar modules during the PORs from Type 01 to Type 03, thereby rendering JA Solar's Vietnamese solar module exports subject to the underlying eleventh AD/CVD reviews long after the deadline to request reviews of these entries had passed.

39. In late 2024, while CBP was examining JA Solar's entries, CBP improperly liquidated a subset of these entries. JA Solar filed two protests with CBP arguing that CBP prematurely liquidated certain of its entries from 2022 and further that CBP should permit JA Solar

to correct the procedural errors identified by CBP in its certifications. CBP agreed that it prematurely liquidated these entries pursuant to the stop order in the instructions detailed above and suspended JA Solar's protest. Because CBP agreed it acted prematurely, CBP also retracted a demand for a significant increase in the face value of JA Solar USA Inc.'s annual continuous bond based on the amount of AD/CVD at stake in the prematurely liquidated entries. Since those erroneous premature liquidations, CBP has only rate-advanced JA Solar's later entries when converting them to Type 03, thereby suspending them pending later instructions from Commerce.

40.    On May 9, 2025, JA Solar filed a case brief in the eleventh AD review, requesting Commerce include language in the instructions to CBP to continue suspension of entries covered by Customs Messages 3041408 and 3243401 such that Commerce can review JA Solar's entries in the subsequent twelfth AD review. See Letter on Behalf of JA Solar to Dep't of Commerce re: Case Br. (May 9, 2025) (ACCESS barcode 4758893-01) (Public Document), attached as Ex. 10.

41.    On May 12, 2025, JA Solar filed a case brief in the eleventh CVD review, including the same request for the special instructions to CBP. See Letter on Behalf of JA Solar to Dep't of Commerce re: Case Br. (May 12, 2025) (ACCESS barcode 4759721-01) (Public Document), attached as Ex. 11.

42.    On December 23, 2025, Commerce published the Final Results of the eleventh AD review. See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2022-2023, 90 Fed. Reg. 60,060 (Dep't of Commerce Dec. 23, 2025), and accompanying Issues and Dec. Mem., attached as Ex. 12. In the Final Results, Commerce rejected JA Solar's request to issue special instructions to CBP to continue suspension of JA Solar's late-converted Type 03 entries. See id. at Cmt. 3. Commerce found that it was not

"appropriate to issue special instructions to CBP regarding entries of JA Solar's subject merchandise during the POR" because JA Solar's entries were not under review. Id. In making this determination, Commerce noted that it made its final affirmative determination of circumvention in August 2023 and, therefore, JA Solar could have requested a review of its entries. See id. JA Solar, however, had no suspended Type 03 entries at the time of the opportunity to request such a review.

43. On January 27, 2026, Commerce published the Final Results in the eleventh CVD review. See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2022, 91 Fed. Reg. 3,419 (Dep't of Commerce Jan. 27, 2026), and accompanying Issues and Dec. Mem., attached as Ex. 13. In the Final Results, Commerce similarly rejected JA Solar's request to issue special instructions to CBP to continue suspension of JA Solar's late-converted Type 03 entries. See id. at Cmt. 6. In making this determination, Commerce explained that a review of JA Solar was not requested "for this administrative review by the appropriate deadline (December 31, 2023)" and Commerce noted that it had already issued automatic liquidation instructions impacting these companies at the outset of the eleventh CVD review. Id. Commerce further explained that it was departing from its practice in the Hardwood Plywood from China case, where it expanded a POR to cover late-converted entries by CBP, because in that case Commerce decided to expand the POR "because that circumvention determination covered entries prior to what would have been the standard POR, 2022, and companies had no opportunity at that time of those determinations to request a review of those entries." Id. Commerce stated that here it made its final affirmative determination of circumvention in August 2023 and, therefore, JA

Solar could have requested a review of its entries. See id. JA Solar, however, had no suspended Type 03 entries at the time of the opportunity to request such a review.

44.     On January 22, 2026, JA Solar appealed Commerce's decision not to issue special instructions to CBP in the Final Results in the eleventh AD review. See Summons (Ct. Int'l Trade Jan. 22, 2026), JA Solar Vietnam Co. Ltd. v. United States, No. 26-00808, ECF No. 1, attached as Ex. 14.

45.     On February 26, 2026, JA Solar appealed Commerce's decision not to issue special instructions to CBP in the Final Results in the eleventh CVD review. See Summons (Ct. Int'l Trade Feb. 26, 2026), JA Solar Vietnam Co. Ltd. v. United States, No. 26-01216, ECF No. 1, attached as Ex. 15.

46.     In both appeals, JA Solar challenged Commerce's determinations in the eleventh administrative reviews of the China Orders not to issue special instructions to CBP to continue suspension of JA Solar's late-converted Type 03 entries such that these entries can be reviewed during the pendency of the subsequent administrative reviews. See Compl. (Ct. Int'l Trade Feb. 20, 2026), JA Solar Vietnam Company Limited et al. v. United States, No. 26-00808, ECF No. 8, attached as Ex. 16; Compl. (Ct. Int'l Trade Mar. 27, 2026), JA Solar Vietnam Company Limited et al. v. United States, No. 26-01216, ECF No. 9, attached as Ex. 17.

47.     On May 1, 2026, the Court granted JA Solar a temporary preliminary injunction in both appeals of the eleventh AD/CVD reviews while it considers JA Solar's Motions for a Preliminary Injunction and the government's Motions to Dismiss and Responses in Opposition to JA Solar's Motions for Preliminary Injunctions. See Amended Order (Ct. Int'l Trade June 10, 2026), JA Solar Vietnam Company Limited et al. v. United States, No. 26-00808, ECF No. 32,

attached as Ex. 18; Amended Order (Ct. Int'l Trade June 10, 2026), JA Solar Vietnam Company Limited et al. v. United States, No. 26-01216, ECF No. 36, attached as Ex. 19.

The Twelfth AD/CVD Reviews on the China Orders: Preliminary Results and No Indication from Commerce that It Will Extend the PORs or Determine Whether JA Solar's Merchandise Was Non-Scope

48.    By December 31, 2024, because CBP had converted JA Solar's Type 01 entries to Type 03 entries, JA Solar had a basis to request administrative reviews and promptly requested reviews for the twelfth reviews covering the PORs between December 1, 2023 and November 30, 2024 for AD, and between January 1, 2023 and December 31, 2023 for CVD.   See Letter on Behalf of JA Solar to Dep't of Commerce re: Administrative Review of the Antidumping Duty Order on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules from the People's Republic of China: (1) Request for Review, (2) Request for Extended Period of Review and (3) Request for Modified Suspension Instruction (Dec. 31, 2024) (ACCESS barcode 4690572-01) (Public Document), attached as Ex. 20; Letter on Behalf of JA Solar to Dep't of Commerce re: Administrative Review of the Countervailing Duty Order on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules from the People's Republic of China: (1) Request for Review, (2) Request for Extended Period of Review and (3) Request for Modified Suspension Instruction (Dec. 31, 2024) (ACCESS barcode 4690576-01) (Public Document), attached as Ex. 21 (collectively, "12 AR Review Requests").

49.    On January 27, 2025, Commerce initiated both AD and CVD reviews for JA Solar's imports.  See Initiation of Antidumping and Countervailing Duty Administrative Reviews, 90 Fed. Reg. 8,187 (Dep't of Commerce Jan. 27, 2025).

50.    In its review requests, consistent with the procedures followed in a similar case, JA Solar requested that Commerce extend the period of the AD and CVD reviews to cover entries

19

dating back to April 1, 2022, as the opportunity to request reviews of these entries passed before CBP determined that JA Solar's entries were subject to the China Orders. See 12 AR Review Requests; see also Certain Hardwood Plywood Products From the People's Republic of China: Preliminary Results of Countervailing Duty Administrative Review, Preliminary Determination of No Shipments, and Partial Rescission; 2021-2022, 89 Fed. Reg. 66,343 (Dep't of Commerce Aug. 15, 2024) (extending the PORs).

51.     On May 4, 2026, in the twelfth AD review, Commerce rejected JA Solar's and other interested parties' requests to expand the 2023-2024 POR to cover pre-POR entries. See Mem. From Benjamin Blythe to The File re: Response to Requests Regarding U.S. Customs and Border Protection's Reclassification of Certain Entries of Solar Cells and Modules (May 4, 2026) (ACCESS barcode 4918246-01) (Public Document), attached as Ex. 22. Commerce wrongly concluded that JA Solar failed to timely request a review of the pre-POR entries, given that CBP's conversion of JA Solar's Type 01 entries to Type 03 did not start until late 2024, long after the anniversary month for the eleventh reviews had passed. See id. 4-5.

52.     Commerce reasoned that expanding the twelfth AD review to cover prior periods would "essentially reopens the records of completed administrative reviews and . . . amounts to Commerce revisiting its final decision . . . ." Id. at 2-3. Commerce further concluded that it "does not have the statutory authority to question or reconsider CBP's actions regarding reclassifications of antidumping duty/countervailing duty-related certifications or to re-review reclassified entries outside of Commerce's proceedings." Id. at 6.

53.     In June 2026, Commerce published the Preliminary Results in both reviews. In the AD review, Commerce did not expand the POR to cover entries going back to April 1, 2022 or determine that any of JA Solar's late-converted Type 03 entries are non-scope. See Crystalline

20

Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Preliminary Results, Intent To Rescind, in Part, and Rescission, in Part, of Antidumping Duty Administrative Review; 2023–2024, 91 Fed. Reg. 37,951 (Dep't of Commerce June 24, 2026), and accompanying Dec. Mem., attached as Ex. 23.  In the companion CVD review, Commerce also did not expand the POR to cover entries going back to April 1, 2022 or determine that any of JA Solar's late-converted Type 03 entries are non-scope.  See generally Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Preliminary Results of Countervailing Duty Administrative Review and Intent To Rescind Review, in Part; 2023, 91 Fed. Reg. 35,664 (Dep't of Commerce June 12, 2026), accompanying Dec. Mem., attached as Ex. 24.

The Thirteenth AD/CVD Reviews on the China Orders

54.     On February 20, 2026, Commerce initiated a CVD review of JA Solar's imports between January 1, 2024 and December 31, 2024 and an AD review of JA Solar's imports between December 1, 2024 and November 30, 2025.  See Initiation of Antidumping and Countervailing Duty Administrative Reviews, 91 Fed. Reg. 8,186 (Feb. 20, 2026).

55.     Similar to JA Solar's review requests in the twelfth reviews, in the review requests for the thirteenth reviews, JA Solar requested that Commerce extend the period of the AD and CVD reviews to cover entries dating back to April 1, 2022.  See Letter on Behalf of JA Solar to Dep't of Commerce re: Administrative Review of the Antidumping Duty Order on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules from the People's Republic of China: (1) Request for Review, (2) Request for Extended Period of Review and (3) Request for Modified Suspension Instruction (Dec. 31, 2025) (ACCESS barcode 4859735-01) (Public Document), attached as Ex. 25; Letter on Behalf of JA Solar to Dep't of Commerce:

Administrative Review of the Countervailing Duty Order on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules from the People's Republic of China: (1) Request for Review, (2) Request for Extended Period of Review and (3) Request for Modified Suspension Instruction (Dec. 31, 2025) (ACCESS barcode 4859740-01) (Public Document), attached as Ex. 26.

56.    Although the thirteenth administrative reviews have just begun, Commerce did not extend the PORs at initiation and did not indicate that it would deviate from its decision in the twelfth AD review not to expand the normal PORs to cover pre-POR entries.  See 13 AR Initiation Notice, 91 Fed. Reg. at 8,190-8,203.

57.    In sum, thus far Commerce has either declined to or given no indication that it will use any other administrative review period to consider whether JA Solar's merchandise imported between April 1, 2022 and October 4, 2024 is physically out-of-scope.

### Commerce's Denial of JA Solar's Scope Ruling Application

58.    On March 27, 2026, after Commerce had not shown any inclination to review JA Solar's entries in the context of an administrative review, JA Solar submitted a scope ruling application requesting that Commerce determine whether JA Solar's Vietnamese solar cells and modules made from non-Chinese wafers are within the scope of the China Orders.  See Letter on Behalf of JA Solar to Dep't of Commerce re: Scope Ruling Application (Mar. 27, 2026) (ACCESS barcode 4901701-01) (Public Version) ("JA Solar Scope Ruling Application"), attached as Ex. 27.

59.    For the production of merchandise subject to JA Solar's scope ruling request, JA Solar utilized U.S.-origin polysilicon to produce polysilicon ingots in Vietnam, from which JA Solar Vietnam Company Limited and its affiliated Vietnamese producer JA Solar NE Vietnam Company Limited sliced polysilicon wafers at production facilities located in Vietnam.  These

polysilicon wafers then underwent chemical doping at the production facility of JA Solar PV Vietnam Company Limited, also located in Vietnam, whereby the positive/negative ("P/N") junction is formed.  Once the cell production stage has been completed, the cells were incorporated into modules at JA Solar Vietnam Company Limited's production facilities.  These modules were then exported from Vietnam to the United States, where they were declared as Vietnamese-origin solar modules.  See id. at Sec. II, pp. 15-16.

60.    In its scope ruling application, JA Solar explained the extraordinary circumstances surrounding JA Solar's application and the limited nature of the scope ruling application with respect to entries between April 1, 2022 and October 4, 2024.  See id. at Sec. II, pp. 1-6.  This time period includes the entirety of the Presidential Moratorium and overlapped with several administrative reviews, including the eleventh, twelfth and thirteenth reviews of the China Orders. The merchandise subject to JA Solar's scope ruling request entered the United States prior to October 4, 2024, the date when duties first went into effect concerning the CVD order on solar cells and modules from Vietnam ("Solar III").  See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the Socialist Republic of Vietnam: Preliminary Affirmative Countervailing Duty Determination, Preliminary Affirmative Critical Circumstances Determination, in Part, and Alignment of Final Determination With Final Antidumping Duty Determination, 89 Fed. Reg. 80,866 (Dep't of Commerce Oct. 4, 2024).  JA Solar acknowledged and did not contest in its scope ruling request that products with the supply chain identified in JA Solar's request but that were entered into the United States after October 4, 2024, are in-scope merchandise in the Solar III Vietnam AD/CVD orders.

61.    JA Solar explained that its Vietnamese solar cells and modules are rare in that they were made with American – not Chinese – polysilicon, which Commerce was made aware of from

its investigation of JA Solar Vietnam Co. Ltd. in solar cells and modules from Vietnam.  See JA Solar Scope Ruling Application at Sec. 2, p. 2, attached as Ex. 27.

62.     On April 23, 2026, Commerce issued a supplemental questionnaire to JA Solar, asking JA Solar to confirm that "the merchandise you are requesting a scope ruling on (including solar cells and modules dating back to 2022), are subject to the certification regime put in place with the circumvention determinations related to the AD/CVD orders on solar cells and from China."  Letter from Dep't of Commerce to JA Solar Vietnam Company Limited re: JA Solar's Scope Ruling Application: Supplemental Questionnaire (Apr. 23, 2026) (ACCESS barcode 4915764-01) (Public Document), attached as Ex. 28.

63.     On April 27, 2026, JA Solar responded to Commerce's supplemental questionnaire, resubmitted the scope ruling request pursuant to Commerce's request and confirmed that the certification regime – although with complications regarding the legalities – was in place for the Vietnamese cells and modules covered by the scope ruling request.  See Letter on Behalf of JA Solar to Dep't of Commerce re: Response to Supplemental Question and Re-Submission of Scope Ruling Application (Apr. 28, 2026) (ACCESS barcode 4916523-01) (Public Version), attached as Ex. 29.  JA Solar, however, explained that its "merchandise is physically not within the scope of the Solar I AD/CVD orders and, for this reason, the certification regime referenced by Commerce has no definitive legal bearing on JA Solar's scope ruling request."  Id. at App. I, p. 1.

64.     On May 27, 2026, Commerce issued a letter declining to initiate a scope inquiry, even though it acknowledged that JA Solar's entries subject to the scope ruling application were outside the scope of the China Orders:

> Commerce's Circumvention Final Determination makes it clear that solar modules produced in Vietnam using solar cells produced in Vietnam made from wafers that were not produced in the People's Republic of China (China) (the scenario claimed by JA Solar with respect to the solar cells and solar modules for which it requested

24

a scope ruling) are not covered by the circumvention determination and thus not subject to the antidumping and countervailing duty orders on crystalline silicon photovoltaic cells, whether or not assembled into modules, from China.

Commerce Denial Letter at 2, attached as Ex. 2.

65.    Commerce stated that CBP's conversion of the entry type is a "matter within the jurisdiction of CBP and {} should be raised with CBP, not in the context of a scope inquiry." Id. Commerce then cited to its decision in the Final Results in the eleventh AD review and stated that "there is no language in 19 CFR {§} 351.228 requiring Commerce to review CBP's actions regarding omissions, or give instructions to CBP in the case of any deficiencies, in AD/CVD-related certifications, including clerical errors." Id.

66.    Commerce did not cite any insufficiencies of the scope ruling application itself in the denial letter. See id.

## VI.    STATEMENT OF THE CLAIMS

### COUNT I

67.    JA Solar herein incorporates by reference paragraphs 1 through 66, supra, of this complaint.

68.    "The Court shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

69.    Commerce is the governmental agency tasked with establishing the scope of AD and CVD orders. See Duferco Steel, Inc. v. United States, 296 F.3d 1087, 1089 (Fed. Cir. 2002) (citation omitted) ("Commerce has 'inherent power to establish the parameters of the investigation.'").

70.    To this effect, Commerce promulgated regulations to administer scope ruling inquiries when questions "arise as to whether a particular product is covered by the scope of an antidumping or countervailing duty order."  See 19 C.F.R. § 351.225(a); see also Duferco Steel, 296 F.3d at 1094-95 ("We grant significant deference to Commerce's own interpretation of those orders.").  These regulations provide that "{Commerce} will initiate and conduct a scope inquiry and issue a scope ruling to determine whether or not a product is covered by the scope of an order at the request of an interested party or on the Secretary's initiative."  19 C.F.R. § 351.225(a) (emphasis added).  In the alternative, Commerce may address scope issues in another segment of the proceeding.  Id. § 351.225(d)(2).

71.    Commerce's regulations allow it to reject a request for a scope ruling for being "incomplete or otherwise unacceptable."  Id. § 351.225(d)(1)(i).  Commerce's regulations, however, do not provide it with discretion to decline to initiate a scope inquiry where Commerce otherwise deems an application to be complete.

72.    CBP performs a ministerial duty in enforcing the scope decisions made by Commerce.  See Xerox Corp. v. United States, 289 F.3d 792, 794 (Fed. Cir. 2002) ("Customs is charged with the ministerial function of fixing 'the amount of duty to be paid' on subject merchandise").  CBP, in fact, directs importers to request a scope ruling from Commerce if importers believe that the imported goods fall outside the scope of an AD/CVD order but CBP nevertheless requires the payment of AD/CVD.  See Cust. & Border Prot., Antidumping and Countervailing Duties (AD/CVD) Frequently Asked Questions, Dep't of Homeland Sec., https://www.cbp.gov/trade/priority-issues/adcvd/antidumping-and-countervailing-duties-adcvd-frequently-asked-questions (last visited June 25, 2026), attached as Ex. 31 ("Commerce{} . . .

establishes the scope of AD/CVD orders. CBP enforces these decisions and collects the AD/CVD assessed on the imported goods.").

73. JA Solar has repeatedly requested that Commerce review and determine that its entries of solar cells and modules that CBP converted to Type 03 are non-scope merchandise not subject to AD/CVD. See supra at Section V. Commerce has thus far declined to conduct any such analysis in the ongoing twelfth and thirteenth administrative reviews. See id.

74. As Commerce has refused to analyze whether JA Solar's solar cells and modules constitute non-scope merchandise, consistent with CBP's own guidance, JA Solar sought a scope ruling from Commerce after CBP converted JA Solar's entries to Type 03 on the basis that JA Solar did not meet certain certification requirements. In declining to initiate a scope inquiry, Commerce did not cite any deficiencies in JA Solar's scope application. See Commerce Denial Letter at 2. Instead, Commerce determined that the conversion of JA Solar's entries to Type 03 falls within the jurisdiction of CBP. See id.

75. Commerce's determination not to initiate a scope inquiry was not supported by substantial evidence and otherwise not in accordance with law because Commerce failed to follow its own regulations which require the initiation of a scope inquiry where an application is complete.

76. Further, Commerce's determination not to initiate a scope inquiry was not supported by substantial evidence and otherwise not in accordance with law because Commerce unlawfully abdicated its duty to determine the scope of the AD/CVD Orders on China by finding that JA Solar's request for Commerce to determine that its imports of solar cells and modules were non-scope merchandise fell within CBP's jurisdiction. CBP merely fulfilled its ministerial duty to convert entries to Type 03 where it found that certain certification requirements were not met, without any analysis of the physical characteristics of the imported merchandise.

27

## COUNT II

77.    JA Solar herein incorporates by reference paragraphs 1 through 76, supra, of this complaint.

78.    "Commerce's discretion has limits." Goodluck India Ltd. v. United States, 11 F.4th 1335, 1342 (Fed. Cir. 2021).  Commerce can abuse its discretion where "its exercise rests on a clear error of judgment in consideration of the relevant factors." Tau-Ken Temir LLP v. United States, 147 F.4th 1363, 1373 (Fed. Cir. 2025) (quotation and citation omitted); see also Bosun Tools Co. v. United States, 43 CIT __, __, 405 F. Supp. 3d 1359, 1364-65 (2019) ("An agency abuses its discretion when it issues a decision that 'represents an unreasonable judgment in weighing relevant factors.'" (quoting Star Fruits S.N.C. v. United States, 393 F.3d 1277, 1281 (Fed. Cir. 2005)).

79.    Commerce abused its discretion in declining to initiate a scope inquiry as JA Solar's scope application was neither "incomplete or otherwise unacceptable." 19 C.F.R. § 351.225(d)(1)(i).  Commerce made a clear error in judgment in declining to issue a scope inquiry when it acknowledged that JA Solar reported that its solar cells and modules are non-subject merchandise but nevertheless abdicated its duty to determine the scope of the AD and CVD Orders on China.

## COUNT III

80.    JA Solar herein incorporates by reference paragraphs 1 through 79, supra, of this complaint.

81.    If this Court finds that jurisdiction is unavailable under 28 U.S.C. § 1581(c), and this Court instead has jurisdiction under 28 U.S.C. § 1581(i), Commerce's denial to initiate the scope inquiry was similarly "arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with law" as JA Solar's scope application was complete and Commerce unlawfully abdicated its duty to determine the scope of the China Orders as detailed in Claims I and II. 5 U.S.C. § 706(2)(A).

## COUNT IV

82.     JA Solar herein incorporates by reference paragraphs 1 through 81, supra, of this complaint.

83.     The Tariff Act of 1930 authorizes Commerce to impose AD and CVD on "a class or kind" of merchandise. 19 U.S.C. §§ 1671(a), 1673(1); see also Canadian Solar, Inc. v. United States, 918 F.3d 909, 917 (Fed. Cir. 2019) ("{T}he Tariff Act authorizes Commerce to impose countervailing and/or antidumping duties on a 'class or kind of {foreign} merchandise'"). The Court has held that "if the merchandise is outside the scope of an ADD or CVD order . . . then Commerce, per statute and per its own rules, may not impose duties on those goods." Ugine & ALZ Belg., N.V. v. United States, 31 CIT 1536, 1551, 517 F. Supp. 2d 1333, 1336 (2007), aff'd, 551 F.3d 1339 (Fed. Cir. 2009).

84.     Commerce's determination not to initiate a scope inquiry, where Commerce acknowledged that JA Solar reported that its solar cells and modules are non-subject merchandise, was not supported by substantial evidence and was otherwise not in accordance with law because Commerce has contravened its statutory authority by instructing CBP to apply AD/CVD on non-scope merchandise.

## COUNT V

85.     JA Solar herein incorporates by reference paragraphs 1 through 84, supra, of this complaint.

86.     If this Court finds that jurisdiction is unavailable under 28 U.S.C. § 1581(c), and this Court instead has jurisdiction under 28 U.S.C. § 1581(i), Commerce's denial to initiate the scope inquiry, which will result in CBP applying AD/CVD on non-scope merchandise, was similarly "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" for the reasons identified in Claim IV.  5 U.S.C. § 706(2)(A).

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

WHEREFORE, and as challenged herein, JA Solar respectfully prays that this Court:

(1) find that Commerce's decision not to initiate the scope inquiry was not supported by substantial evidence and was otherwise not in accordance with law as described in Counts I and IV;

(2) find that Commerce abused its discretion in not initiating the scope inquiry as described in Count II;

(3) find that Commerce's decision not to initiate the scope inquiry was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law as described in Counts III and V;

(4) order Commerce to initiate the scope inquiry based on JA Solar's resubmitted scope ruling application; and

(5)   provide such other relief as this Honorable Court deems proper, including, as necessary, injunctive relief to preserve the entries at issue in suspended status pending the outcome of this appeal.

Respectfully submitted,

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Kristin H. Mowry
Bryan P. Cenko
Yixin (Cleo) Li
Savannah R. Maxwell
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, Suite 810
Washington, DC 20015
202-688-3610
trade@mowrygrimson.com
*Counsel to JA Solar*

Date: June 26, 2026

**Exhibit List**

| Exhibit No. | Exhibit Name | BPI/PUB |
|:---:|:---|:---:|
| 1 | JA Solar Declaration | BPI |
| 2 | Letter From Dep't of Commerce to JA Solar Vietnam Company Limited re: Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China: Scope Inquiry (May 27, 2026) (ACCESS barcode 4923860-01) | PUB |
| 3 | CBP Message No. 3243401 (Aug. 31, 2023) | PUB |
| 4 | CBP Message No. 3041408 (Feb. 10, 2023) | PUB |
| 5 | CBP Message No. 3076407 (Mar. 17, 2023) | PUB |
| 6 | Stipulation of Dismissal, Auxin Solar Inc. v. United States, No. 23-00224, ECF No. 51 | PUB |
| 7 | Letter on Behalf of Jinko Solar Technology Sdn. Bhd. et al. to Dep't of Commerce re: Request for Clarification and Extension of Time to Submit Certifications at 2 (Dec. 16, 2022) (ACCESS barcode 4320873-01) | PUB |
| 8 | <u>Final Circumvention Determination</u>, and accompanying Issues and Dec. Memorandum for the circumvention inquiry with respect to Malaysia (ACCESS Barcode 4419742-02) | PUB |
| 9 | Order (Feb. 5, 2026), Auxin Solar Inc. v. United States, No. 2025-2120, ECF No. 36 | PUB |
| 10 | Letter on Behalf of JA Solar to Dep't of Commerce re: Case Br. (May 9, 2025) (ACCESS barcode 4758893-01) | PUB |
| 11 | Letter on Behalf of JA Solar to Dep't of Commerce re: Case Br. (May 12, 2025) (ACCESS barcode 4759721-01) | PUB |
| 12 | Eleventh AD Final Results Issues and Decision Memorandum | PUB |
| 13 | Eleventh CVD Final Results Issues and Decision Memorandum | PUB |
| 14 | Summons (Ct. Int'l Trade Jan. 22, 2026), JA Solar Vietnam Co. Ltd. v. United States, No. 26-00808, ECF No. 1 | PUB |
| 15 | Summons (Ct. Int'l Trade Feb. 26, 2026), JA Solar Vietnam Co. Ltd. v. United States, No. 26-01216, ECF No. 1 | PUB |
| 16 | Complaint, (Ct. Int'l Trade Feb. 20, 2026), JA Solar Vietnam Company Limited et al. v. United States, No. 26-00808, ECF No. 8 | PUB |
| 17 | Complaint (Ct. Int'l Trade Mar. 27, 2026), JA Solar Vietnam Company Limited et al. v. United States, No. 26-01216, ECF No. 9 | PUB |
| 18 | Amended Order (Ct. Int'l Trade June 10, 2026), JA Solar Vietnam Company Limited et al. v. United States, No. 26-00808, ECF No. 32 | PUB |
| 19 | Amended Order (Ct. Int'l Trade June 10, 2026), JA Solar Vietnam Company Limited et al. v. United States, No. 26-01216, ECF No. 36 | PUB |
| 20 | Letter on Behalf of JA Solar to Dep't of Commerce re: Administrative Review of the Antidumping Duty Order on Crystalline Silicon | PUB |

|  | Photovoltaic Cells, Whether or Not Assembled into Modules from the People's Republic of China: (1) Request for Review, (2) Request for Extended Period of Review and (3) Request for Modified Suspension Instruction (Dec. 31, 2024) (ACCESS barcode 4690572-01) |  |
|---|---|---|
| 21 | Letter on Behalf of JA Solar to Dep't of Commerce re: Administrative Review of the Countervailing Duty Order on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules from the People's Republic of China: (1) Request for Review, (2) Request for Extended Period of Review and (3) Request for Modified Suspension Instruction (Dec. 31, 2024) (ACCESS barcode 4690576-01) | PUB |
| 22 | Memorandum From Benjamin Blythe to The File re: Response to Requests Regarding U.S. Customs and Border Protection's Reclassification of Certain Entries of Solar Cells and Modules (May 4, 2026) (ACCESS barcode 4918246-01) | PUB |
| 23 | Twelfth AD Preliminary Results Decision Memorandum | PUB |
| 24 | Twelfth CVD Preliminary Results Decision Memorandum | PUB |
| 25 | Letter on Behalf of JA Solar to Dep't of Commerce re: Administrative Review of the Antidumping Duty Order on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules from the People's Republic of China: (1) Request for Review, (2) Request for Extended Period of Review and (3) Request for Modified Suspension Instruction (Dec. 31, 2025) (ACCESS barcode 4859735-01) | PUB |
| 26 | Letter on Behalf of JA Solar to Dep't of Commerce re: Administrative Review of the Countervailing Duty Order on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules from the People's Republic of China: (1) Request for Review, (2) Request for Extended Period of Review and (3) Request for Modified Suspension Instruction (Dec. 31, 2025) (ACCESS barcode 4859740-01) | PUB |
| 27 | Letter on Behalf of JA Solar to Dep't of Commerce re: Scope Ruling Application (Mar. 27, 2026) (ACCESS barcode 4901701-01) | BPI |
| 28 | Letter from Dep't of Commerce to JA Solar Vietnam Company Limited re: JA Solar's Scope Ruling Application: Supplemental Questionnaire (Apr. 23, 2026) (ACCESS barcode 4915764-01) | PUB |
| 29 | Letter on Behalf of JA Solar to Dep't of Commerce re: Response to Supplemental Question and Re-Submission of Scope Ruling Application (Apr. 28, 2026) (ACCESS barcode 4916523-01) | BPI |
| 30 | Final Circumvention Determination, and accompanying Issues and Dec. Memorandum for the circumvention inquiry with respect to Vietnam at 83 (ACCESS barcode 4419747-02) | PUB |
| 31 | Cust. & Border Prot., Antidumping and Countervailing Duties (AD/CVD) Frequently Asked Questions, Dep't of Homeland Sec., https://www.cbp.gov/trade/priority-issues/adcvd/antidumping-and-countervailing-duties-adcvd-frequently-asked-questions (last visited June 25, 2026) | PUB |