**THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

JA SOLAR VIETNAM COMPANY LIMITED, *et al.*,

Plaintiffs,

v.

UNITED STATES,

Defendant,

and

AMERICAN ALLIANCE FOR SOLAR MANUFACTURING,

Defendant-Intervenor.

Court No. 26-03142

**ORDER**

Upon consideration of the plaintiffs' motion for a preliminary injunction, defendant's motion to dismiss and response in opposition to plaintiffs' motion, and all other papers, it is hereby

ORDERED that the plaintiffs' motion for a preliminary injunction is denied and, it is further;

ORDERED that the defendant's motion to dismiss is granted and, it is further;

ORDERED that the complaint is dismissed.

Dated: ________________
New York, New York

______________________________
Joseph A. Laroski, Jr., Judge

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

| | |
|---|---|
| JA SOLAR VIETNAM COMPANY LIMITED, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>and<br><br>AMERICAN ALLIANCE FOR SOLAR MANUFACTURING,<br><br>Defendant-Intervenor. | Court No. 26-03142 |

**DEFENDANT'S MOTION TO DISMISS AND RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

TARA K. HOGAN
Assistant Director

TATE NATHAN WALKER
Trial Attorney
Commercial Litigation Branch
U.S. Department of Justice
Civil Division
P.O. Box 480
Ben Franklin Station
Washington, D.C., 20044
Tel: (202) 307-0163
Email: Tate.Walker@usdoj.gov

*Attorneys for Defendant*

OF COUNSEL:
JACK DUNKELMAN
Attorney
Department of Commerce
Office of Chief Counsel for Trade
Enforcement & Compliance
1401 Constitution Avenue, NW
Washington, DC 20230

August 26, 2026

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ........ ii

QUESTION PRESENTED ........ 2

FACTUAL AND PROCEDURAL BACKGROUND ........ 2

SUMMARY OF THE ARGUMENT ........ 7

ARGUMENT ........ 7

I. Standards of Review ........ 7

A. Motion to Dismiss under USCIT Rule 12(b)(1) ........ 7

B. Article III Standing ........ 9

II. JA Solar's Amended Complaint fails to Allage Facts That Would Establish Article III Standing ........ 9

III. Because JA Solar Lacks Standing, JA Solar is not Entitled to a Preliminary Injunction ........ 13

CONCLUSION ........ 16

## TABLE OF AUTHORITIES

Page(s)

Cases

*Auxin Solar, Inc. v. United States*,
798 F. Supp. 3d 1331 (Ct. Int'l Trade 2025) .......... 3

*Bhullar v. United States*,
259 F. Supp. 2d 1332 (Ct. Int'l Trade 2003) .......... 8

*Canadian Lumber Trade Alliance v. United States*,
517 F.3d 1319 (Fed. Cir. 2008) .......... 9

*Crow Creek Sioux Tribe v. United States*,
900 F.3d 1350 (Fed. Cir. 2018) .......... 8

*Dep't of Educ. v. Brown,*
600 U.S. 551 (2023) .......... 8

*FDA v. Alliance for Hippocratic Medicine*,
602 U. S. 367 (2024) .......... 12

*Fuji Photo Film Co., Ltd. v. International Trade Com'n*,
474 F.3d 1281 (Fed. Cir. 2007) .......... 9

*Guangzhou Jangho Curtain Wall System Engr. Co., Ltd. v. United States*,
181 F. Supp. 3d 1265 (Ct. Int'l. Trade 2016) .......... 12

*Juice Farms, Inc. v. United States*,
68 F.3d 1344 (Fed. Cir. 1995) .......... 8

*Lance v. Coffman*,
549 U.S. 437 (2007) .......... 9

*McNutt v. Gen. Motors Acceptance Corp*.,
298 U.S. 178 (1936) .......... 8

*Munaf v. Geren*,
553 U.S. 674 (2008) .......... 13

*Murthy v. Missouri*,
603 U.S. 43 (2024) .......... 14, 15

*Nken v. Holder*,
556 U.S. 418 (2009) .......... 14, 15

*Norsk Hydro Can., Inc. v. United States*,
472 F.3d 1347 (Fed. Cir. 2006) ........................................................ 8

*Qingdao Taifa Group Co., Ltd. v. United States*,
581 F.3d 1375 (Fed. Cir. 2009) ........................................................ 15

*Rimco Inc. v. United States*,
98 F.4th 1046 (Fed. Cir. 2024) ........................................................ 8

*Ruhrgas AG v. Marathon Oil Co.*,
526 U.S. 574 (1999)........................................................ 15

*Shelter Forest Int'l. Acq., Inc. v. United States*,
831 F. Supp. 3d 1304 (Ct. Int'l. Trade 2026) ........................................................ 10

*Shoshone Indian Tribe of the Wind River Reservation v. United States*,
672 F. 3d 1021 (Fed. Cir. 2012) ........................................................ 8

*South Carolina v. United States*,
912 F.3d 720 (4th Cir. 2019) ........................................................ 13

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016)........................................................ 9

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998)........................................................ 8

*Tanghenam Electric Wire & Cable Co., Ltd. v. United States*,
No. 25-00049, 2026 WL 509048 (Ct. Int'l. Trade Feb. 24, 2026)........................................ 10

*TransUnion LLC v. Ramirez*,
594 U. S. 413 (2021)........................................................ 13

*U.S. Dept. of Com*.,
413 F.3d 1344 (Fed. Cir. 2005) ........................................................ 13

*United States v. Cotton*,
535 U.S. 625 (2002)........................................................ 8

*United States*,
83 F. Supp. 2d 1351 (Ct. Int'l Trade 1999) ........................................................ 9

*Warth v. Seldin*,
422 U.S. 490 (1975)........................................................ 8

*Winter v. Nat. Res. Def. Council*, Inc.,
555 U.S. 7 (2008)........................................................ 14

Statutes

19 U.S.C. § 1675(a)(1) ........ 2

19 U.S.C. § 1675(a)(1)(A) ........ 2

Rules

USCIT Rule 12(b)(1) ........ 7

Regulations

19 C.F.R. § 351.102(b)(47) ........ 2

19 C.F.R. § 351.213(b) ........ 2

19 C.F.R. § 351.225(a) ........ 10

19 C.F.R. § 351.225(d)(1) ........ 5

19 C.F.R. § 351.226(i) ........ 10

Other Authorities

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Initiation of Circumvention Inquiry on the Antidumping Duty and Countervailing Duty Orders*, 87 Fed. Reg. 19,071 (Dep't of Commerce Apr. 1, 2022).) ........ 3

*Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention with Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57,419 (Dep't of Commerce Aug. 23, 2023) ........ *passim*

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Initiation of Circumvention Inquiry on the Antidumping and Countervailing Duty Orders*, 87 Fed. Reg. 19,071 (Dep't of Commerce Apr. 1, 2022) ........ 3

Proclamation No. 10,414, *Declaration of Emergency and Authorization for Temporary Extensions of Time and Duty-Free Importation of Solar Cells and Modules From Southeast Asia*, 87 Fed. Reg. 35,067 (Jun. 9, 2022) ........ 3

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

| | |
|---|---|
| JA SOLAR VIETNAM COMPANY LIMITED, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>and<br><br>AMERICAN ALLIANCE FOR SOLAR MANUFACTURING,<br><br>Defendant-Intervenor. | Court No. 26-03142 |

**DEFENDANT'S MOTION TO DISMISS AND RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade (USCIT R.) and the Court's order, ECF No. 25 (Aug. 5, 2026), defendant, the United States, respectfully requests that the Court dismiss the amended complaint filed by plaintiffs JA Solar Vietnam Company Limited, JA Solar PV Vietnam Company Limited, and JA Solar USA Inc. (collectively, JA Solar) for lack of jurisdiction. Amended Complaint, ECF No. 22 (Aug. 5, 2026). JA Solar lacks Article III standing to challenge the Department of Commerce's refusal to initiate a scope inquiry concerning JA Solar's crystalline silicon photovoltaic cells, whether or not assembled into modules (solar cells). Accordingly, this Court must dismiss the amended complaint.

Pursuant to USCIT R. 65, we also respectfully submit this response in opposition to JA Solar's motion for a preliminary injunction. *See* Preliminary Injunctions (Pl. Mot.), ECF Nos. 14, 24 (July 27, 2026, August 5, 2026). JA Solar's lack of standing is fatal to demonstrating its likelihood of success on the merits. Moreover, granting injunctive relief could seriously impair fulfillment of the public interest in the fair and efficient administration of United States trade laws. For the same reasons as dismissal of this case is required, the motion for preliminary injunctive relief should also be denied.

## QUESTION PRESENTED

1. Whether JA Solar possesses Article III standing to bring this suit when it has not sufficiently alleged an redressable injury from Commerce's denial of the opening of a scope review.

## FACTUAL AND PROCEDURAL BACKGROUND

Each year after an antidumping (AD) or countervailing duty (CVD) order is published, Commerce provides interested parties with an opportunity to request an administrative review of the order. 19 U.S.C. § 1675(a)(1); 19 C.F.R. § 351.213(b). If Commerce receives a request with respect to a particular company, it conducts a review of the order with respect to such company to review and determine the amount of any net countervailable subsidy or antidumping duty. 19 U.S.C. § 1675(a)(1)(A) & (B). However, Commerce does not automatically review companies without receiving a timely request for review of such companies. Each review constitutes a separate segment within the same administrative proceeding and covers a distinct period of review. 19 C.F.R. § 351.102(b)(47); 19 C.F.R. § 351.213(e)(2)(i).

On April 1, 2022, Commerce initiated country-wide circumvention inquiries to determine whether imports of crystalline silicon photovoltaic cells, whether or not assembled into modules

(solar cells and modules), which are completed in Cambodia, Malaysia, Thailand, or Vietnam using parts and components from the People's Republic of China , are circumventing the AD and CVD orders covering solar cells and modules from China. *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Initiation of Circumvention Inquiry on the Antidumping Duty and Countervailing Duty Orders*, 87 Fed. Reg. 19,071 (Dep't of Commerce Apr. 1, 2022).

During the course of these circumvention inquiries, President Biden declared an emergency with respect to the threats to the availability of sufficient electricity generation capacity. *See* Presidential Proclamation No. 10,414, *Declaration of Emergency and Authorization for Temporary Extensions of Time and Duty-Free Importation of Solar Cells and Modules From Southeast Asia*, 87 Fed. Reg. 35,067, 35,068 (Jun. 9, 2022). In so doing, the President ordered Commerce to consider taking action to permit the duty-free importation of certain solar cells modules from Cambodia, Malaysia, Thailand, and Vietnam for a period of 24 months. *Id.* [1]

On August 23, 2023, Commerce published its affirmative determinations, finding that imports of certain solar cells and modules completed in Cambodia, Malaysia, Thailand, or Vietnam, using parts and components produced in China, that are then subsequently exported from Cambodia, Malaysia, Thailand, or Vietnam to the United States, are circumventing the AD and CVD orders on solar cells from China. *See Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of*

[1] *Held invalid by Auxin Solar, Inc. v. United States*, 798 F. Supp. 3d 1331 (Ct. Int'l Trade 2025), *appeal docketed, Auxin Solar, Inc. v. United States*, No 25-2120 (Fed. Cir. Sept. 17, 2025).

*Circumvention with Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57,419 (Dep't of Commerce Aug. 23, 2023) (Final Circumvention Determination).

As part of its affirmative circumvention finding, Commerce established a system whereby exporters and importers could certify that their merchandise was not subject to AD and CVD duties. 88 Fed. Reg. at 57,422. For instance, an importer and exporter could certify that their merchandise was not subject to AD and CVD duties because it was imported during the national emergency identified by the President ("Appendix IV" regime). *See id.* An importer and exporter could also certify that the merchandise does not contain sufficient Chinese components to fall under Commerce's affirmative circumvention determination. *See id.*

Commerce notified parties that entries "shall remain subject to suspension of liquidation until final assessment instructions on those entries are issued, whether by automatic liquidation instructions, or by instructions pursuant to the final results of an administrative review." 88 Fed. Reg. at 57,421. Commerce further advised that interested parties that wished to have their entries reviewed "should request an administrative review of the relevant suspended entries during the next anniversary month of the *Orders* (*i.e.*, December 2023)." *Id.* Commerce noted that:

> If it is determined that an importer and/or exporter *has not met the certification* and/or related documentation requirements for certain entries, Commerce intends to instruct CBP to suspend, pursuant to these country-wide affirmative determinations of circumvention and the Orders, *all unliquidated entries* for which these requirements were not met and require the importer to post applicable AD and CVD cash deposits equal to the rates noted above.

*Id.* at 57,423 (emphasis added).

On March 27, 2026, JA Solar filed a scope ruling application, requesting that Commerce conduct a scope inquiry to determine that JA Solar's solar modules containing solar cells

manufactured in Vietnam are not subject to the AD/CVD orders on crystalline silicon photovoltaic cells, whether or not assembled into modules. JA Solar's Scope Ruling Application at 1 (C.R. 94, P.R. 54). Specifically, JA Solar stated that the merchandise subject to its request was produced in Vietnam by JA Solar. *Id.* at 15.

JA Solar explained that its "finished solar modules produced in Vietnam and shipped to the United States are not subject to {the solar cell orders} because none of the production processes above occur in China and because the wafers utilized in JA Solar's production are self-produced in Vietnam using U.S.-origin polysilicon." *Id.* at 16. JA Solar's request specifically covered entries of merchandise imported between April 1, 2022, and October 4, 2024. *Id.* at 2. JA Solar stated that this time period coincides with several administrative reviews of the solar cells orders, for which JA Solar alleged it had "not been able to obtain a ruling from Commerce that JA Solar's Vietnamese-Origin cells and modules are outside of the scope of the Solar I case in any of those reviews." *Id.*

On April 23, 2026, pursuant to 19 C.F.R. § 351.225(d)(1), Commerce issued a supplemental questionnaire to JA Solar with a single question: "{c}onfirm that the merchandise you are requesting a scope ruling on (including solar cells and modules dating back to 2022), are subject to the certification regime put in place with the circumvention determinations related to the AD/CVD orders on solar cells and from China." Supplemental Questionnaire (P.R. 31). JA Solar responded that the "physical description of the merchandise subject to this request is identical to the physical description of merchandise covered by the scope of the Solar I AD/CVD Orders." JA Solar's Response to Supplemental Question and Re-submission of Scope Ruling Application II at 39 (Response to Supplemental Questionnaire) (C.R. 46); *see also id.* at 2 ("while the certification regime existed at the time of JA Solar's imports that are the subject of

its scope ruling request, JA Solar's request is based solely on the unique physical characteristics of its merchandise, having wafers made in Vietnam (not China) of American polysilicon.").

On May 27, 2026, Commerce issued a letter stating that it would not initiate the requested scope inquiry. *See* Commerce's Denial Letter (Letter) (P.R. 2). Commerce stated that the circumvention final determination made it clear that solar modules produced in Vietnam from wafers that were not produced in China (the scenario claimed by JA Solar in its request for a scope ruling) are not covered by the circumvention determination and thus are not subject to the antidumping and countervailing duty orders on solar cells, whether or not assembled into modules, from China. Letter at 2 (citing *Circumvention Final Determination*, 88 Fed. Reg. at 57,420). Commerce stated that in its *Circumvention Final Determination*, Commerce directed U.S. Customs and Border Protection (CBP) to suspend liquidation of entries and collect cash deposits on merchandise covered by the circumvention inquiry "with the exception of the entries for which the importer and exporter have met the requirements of the relevant certifications . . .." Therefore, Commerce explained that accurate and complete filing of the appropriate certification would protect against improper reclassifications of entries. Letter at 2.

On June 26, 2026, JA Solar concurrently filed a summons, and a public complaint (ECF 6)[2] challenging the Commerce's decision to not initiate a scope inquiry, specifically for entries of merchandise imported between April 1, 2022 and October 4, 2024. JA Solar alleges that Commerce's decision not to initiate a scope inquiry is contrary to Commerce's regulations and/or an abuse of discretion. Am. Compl. ¶74.

In that amended complaint, JA Solar recounts that CBP "reclassified JA Solar's entries to Type 03 for failing to meet certain certification requirements." Am. Compl. ¶2; *see also* Am.

[2] On August 5, 2026, JA Solar also filed a confidential amended complaint. *See* Amended Complaint, ECF No. 22.

Compl. ¶38. JA Solar alleges that is not the true nature of its complaint as it seeks to redress its "claims relate{d} to Commerce's decision not to initiate the scope inquiry and Commerce's refusal to exercise its statutory duty to enforce the scope of the China Order." *Id.* ¶7. JA Solar sought a scope decision from Commerce recognizing that its entries were not subject merchandise to the orders. *Id.* ¶66. JA Solar also recounts that Commerce, in declining to initial a scope inquiry also "acknowledge that JA Solar's entries subject to the scope ruling application outside the scope of the China Orders." *Id.* ¶67.

## SUMMARY OF THE ARGUMENT

The Court should dismiss the case under Rule 12(b)(1) because plaintiff lacks Article III standing to bring it. JA Solar seeks redress for Commerce's denial of its scope application, however, even if JA Solar's relief is granted, having this Court to remand to Commerce to reconsider granting the scope petition would not remedy the true nature of JA Solar's complaint involving CBP's action in reclassifying its entries. This is because the final circumvention determination already does not cover JA Solar's entries by relying on the physical description, but instead only applies due to JA Solar's lack of a valid certification for those entries. CBP determined that JA Solar's certifications were not valid and not Commerce. Thus, Commerce correctly refused to initiate a scope determination when both it and JA Solar understand that that JA Solar's entries are not covered by the physical scope of the orders. Thus, a scope decision, whatever the result, would not remedy the harm JA Solar was attempting to redress – the application of the solar orders on its entries.

## ARGUMENT

### I. Legal Standards

#### A. Motion to Dismiss under USCIT Rule 12(b)(1)

Like all Federal courts, the Court of International Trade is a court of limited jurisdiction. *See Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006). The Court must first determine if it possesses jurisdiction before it reaches the merits because jurisdiction is a threshold matter, and a court can take no further action if it lacks jurisdiction to entertain a case. *See Dep't of Educ. v. Brown,* 600 U.S. 551, 560 (2023); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Because subject matter jurisdiction "involves a court's power to hear a case, it can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). When determining its jurisdiction over an action, the Court looks to the "true nature" of the action before it. *Norsk Hydro*, 472 F.3d at 1355 (internal citation omitted); *see also Rimco Inc. v. United States*, 98 F.4th 1046, 1053 (Fed. Cir. 2024). Where plaintiffs lack standing, the Court cannot exercise jurisdiction. *Bhullar v. United States*, 259 F. Supp. 2d 1332, 1344 (Ct. Int'l Trade 2003), *aff'd*, 93 F. App'x 218 (Fed. Cir. 2004).

It is not defendant's burden to demonstrate lack of jurisdiction. Rather, the plaintiffs bear the burden of proving the requisite facts to establish this Court's jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 188-89 (1936); *Juice Farms, Inc. v. United States*, 68 F.3d 1344, 1345 (Fed. Cir. 1995). When deciding a motion to dismiss for lack of jurisdiction, including standing, this Court assumes that all undisputed facts alleged in the complaint are true and draws all reasonable inferences in the plaintiff's favor. *Crow Creek Sioux Tribe v. United States*, 900 F.3d 1350, 1354 (Fed. Cir. 2018) (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)). However, in deciding the motion, the Court may review evidence extrinsic to the pleadings. *Shoshone Indian Tribe of the Wind River Reservation v. United States*, 672 F. 3d 1021, 1030 (Fed. Cir. 2012).

### B. Article III Standing

Plaintiffs must demonstrate that its claim qualifies as a "case" or "controversy" for purposes of Article III of the Constitution, and specifically that it has a sufficient stake in the matter to establish its standing to bring its claim. *Canadian Lumber Trade Alliance v. United States*, 517 F.3d 1319, 1331 (Fed. Cir. 2008) ("There is no case or controversy within the meaning of the Constitution unless the plaintiff has standing."). "The party invoking federal jurisdiction bears the burden of establishing the elements required for Article III standing." *Fuji Photo Film Co., Ltd. v. International Trade Com'n*, 474 F.3d 1281, 1289 (Fed. Cir. 2007).

To establish a sufficient stake for purposes of Article III standing, plaintiffs must demonstrate that they have: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). These requirements can be stated succinctly as "injury in fact, causation, and redressability." *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam) (citing *id.*). "If a claim fails the Article III criteria, the Court must dismiss the claim as non-justiciable regardless of a statutory grant of jurisdiction." *3V, Inc. v. United States*, 83 F. Supp. 2d 1351, 1353 (Ct. Int'l Trade 1999).

## II. JA Solar's Amended Complaint fails to Allege Facts That Would Establish Article III Standing

JA Solar's alleged injury is not fairly traceable to Commerce's decision not to initiate a scope inquiry. Am. Compl. ¶¶13, 39, 48. JA Solar claims that its requested scope inquiry is necessary to confirm that its Vietnamese solar cells and modules are not within scope of the orders as to ensure its entries, subject to the order due to the rejected certification, are not liquidated at the China wide rate. Am. Compl. ¶¶61, 64; Pl. Mot. at 22.

As noted in Commerce's regulations, questions sometimes arise as to whether a particular product is covered by the scope of an antidumping or countervailing duty order. 19 C.F.R. § 351.225(a); *see also* Scope Denial Letter at 1. To resolve such questions, Commerce may initiate and conduct a scope inquiry and issue a scope ruling to determine whether a product is covered by the scope of an order at the request of an interested party, or on Commerce's initiative. However, here, there is no question to resolve that necessitates a scope inquiry.

Commerce's final circumvention determination found that crystalline silicon photovoltaic cells and modules from Vietnam, Cambodia, Malaysia, and Thailand were circumventing the orders on a country-wide basis, with the exception of certain companies found to not be circumventing. Final Circumvention Determination at 57,420; *see* 19 C.F.R. § 351.226(i) (allowing Commerce to "include within the scope of an antidumping or countervailing duty order . . . imported merchandise completed or assembled in a foreign country other than the country to which the order applies"). JA Solar was not determined to be a non-circumventing company, and, thus, the final circumvention determination applied to JA Solar's crystalline silicon photovoltaic cells and modules. *See Shelter Forest Int'l. Acq., Inc. v. United States*, 831 F. Supp. 3d 1304, 1316 n.10 (Ct. Int'l. Trade 2026) ("Initiation on a country-wide basis means that Commerce will consider whether a 'finding applicable to all exports might be warranted.'") (citation omitted).

Pursuant to this finding, Commerce established a certification regime whereby companies, like JA Solar, would not be subject to suspension of liquidation or cash deposit requirements under the circumvention determination if they met the certification requirements. Final Circumvention Determination at 57,422; *see, e.g., Tanghenam Electric Wire & Cable Co., Ltd. v. United States*, No. 25-00049, 2026 WL 509048, at *6 (Ct. Int'l. Trade Feb. 24, 2026)

("Under section 351.228(a), Commerce may, under certain circumstances, permit importers or exporters to certify that merchandise entering the United States is not subject to an affirmative circumvention determination because it does not contain inputs from the country subject to the relevant order.") (citation omitted).

Notably, the final circumvention determination*,* at 57,420, states that imports of inquiry merchandise are circumventing the orders on a country-wide basis, and "{a}s a result," are covered by the scope of the orders. This indicates that the coverage of merchandise results from the affirmative circumvention determination rather than from the original scope language alone.

JA Solar confirmed in its scope ruling application that it was not the application of scope language it was challenging, but instead, the "improper reclassification of JA Solar's entries as Type 03 subject to the scope of the Solar I AD/CVD Orders." Response to Supplemental Questionnaire at 6. Thus, it does not seek an actual determination of the physical characteristics of its products. Despite JA Solar's protests to the contrary, Am. Compl. ¶7, the true nature of JA Solar's complaint is to CBP's rejection of its certifications. Am. Compl. ¶¶76-77; Denial Letter at 2 ("{T}he appropriate avenue for protecting against improper reclassification of entries of non-subject merchandise as subject merchandise is to accurately complete the applicable certifications."). Thus, the harm that JA Solar alleges is not caused by Commerce's decision not to initiate a scope ruling.

Furthermore, the Appendix IV importer and exporter certifications refer to merchandise that are *not covered* by the orders "{a}bsent the affirmative determination of circumvention." *Id.* at 57,426. Although the Vietnamese merchandise falls outside the orders' physical scope, the affirmative circumvention determination extends the orders to qualifying Vietnamese inquiry

merchandise.[3] Accordingly, absent valid certifications establishing that an entry is not subject to the circumvention finding, the entry is treated as covered by the orders. Importantly, JA Solar has already confirmed that its merchandise was the inquiry merchandise made subject to the orders via the final circumvention determination. Response to Supplemental Questionnaire at 39; Am. Compl. ¶66.

A scope inquiry therefore would not resolve the circumstance causing JA Solar's entries to be subject to the orders. JA Solar's alleged injury flows from CBP's rejection of its certifications and the resulting application of the circumvention determination. It does not flow from Commerce's decision to not initiate a scope inquiry. Denial Letter at 2. Accordingly, the alleged injury is not fairly traceable to the challenged Commerce non-initiation of a scope inquiry.

Causation and redressability are usually "flip sides of the same coin." *FDA v. Alliance for Hippocratic Medicine*, 602 U. S. 367, 380 (2024) (quotation marks omitted). Thus, JA Solar's alleged injury is similarly not redressable through the relief it seeks, namely, a scope inquiry. Even if the Court were to grant plaintiffs the relief they seek, a remand to Commerce to initiate a scope inquiry, that relief would not remedy JA Solar's alleged injury. If Commerce initiated a scope inquiry and determined that JA Solar's merchandise does not meet the description of the merchandise described in the orders, that determination would not alter the merchandise's treatment under the circumvention final determination. JA Solar's entries are subject to the orders because CBP rejected the applicable certifications, not because Commerce

---

[3] Although, in the absence of standing, the Court cannot reach the merits of Commerce's decision, it was lawful. Commerce has no reason to open a formal scope inquiry because the "plain language" and "clear history" of the orders resolves the raised issue. *Guangzhou Jangho Curtain Wall System Engr. Co., Ltd. v. United States*, 181 F. Supp. 3d 1265, 1276 (Ct. Int'l. Trade 2016) (citation and quotations marks omitted).

determined that JA Solar's merchandise met the physical description of the orders' scope language. Thus, a scope ruling favorable to JA Solar would not remedy the certification deficiencies or otherwise establish that JA Solar's entries are exempt from the circumvention determination. Stated another way, JA Solar cannot demonstrate "that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U. S. 413, 423 (2021).

The complaint must be dismissed.

### III. Because JA Solar Lacks Standing, JA Solar is not Entitled to a Preliminary Injunction

JA Solar seeks injunctive relief to which it is not entitled. Because JA Solar lacks Article III standing, there is no jurisdictional basis for this Court to grant JA Solar's request for preliminary injunctive relief. *See, e.g., South Carolina v. United States*, 912 F.3d 720, 731 (4th Cir. 2019) (finding that, because the plaintiff lacked standing, the district court was "without jurisdiction" to enter a preliminary injunction); *see USA-ITA v. U.S. Dept. of Com*., 413 F.3d 1344, 1348 (Fed. Cir. 2005) (because the "question of jurisdiction closely affects the {plaintiff's} likelihood of success on its motion for a preliminary injunction," it was "legal error" for the trial court not to consider the question at the preliminary injunction stage). JA Solar argues that it is entitled to a statutory injunction in this case because it would suffer irreparable harm if certain entries were liquidated, and because it alleges it is likely to succeed on the merits of legal issues relating to Commerce's decision to not initiate a scope inquiry. *See* Pl. Mot. at 21-25.

Preliminary injunctive relief is an "extraordinary and drastic remedy" that is "never awarded" as a matter "of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). A plaintiff must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7, 20 (2008). Against the Federal government, the balance of equities and public interest factors merge. *See Nken v. Holder*, 556 U.S. 418, 435 (2009).

The most salient – and decisive – factor among the traditional, four factor analysis for whether an injunction should issue is the likelihood of success on the merits. Because the Court is foreclosed from considering JA Solar's complaint at all – because there is no standing – JA Solar can never succeed on the merits. This Court therefore cannot grant JA Solar an injunction. *Murthy v. Missouri*, 603 U.S. 43, 48 (2024) (finding that the lower court was "wrong" to enter a preliminary injunction where the plaintiff could not establish standing). As explained above, JA Solar's amended complaint does not identify an injury that that is traceable by Commerce's decision to not initiate a scope inquiry. Furthermore, a favorable decision by this Court would not redress JA Solar's alleged injury.[4]

Although the unlikelihood of success on the merits is sufficient grounds to deny JA Solar's request for a preliminary injunction, we briefly address the remaining injunctive factors.

---

[4] Additionally, while only discussed as a background fact in its motion, JA Solar's attempt to analogize its situation to that of a mandatory respondent in a separate proceeding is inapposite. *See* Am. Compl. ¶55; Pl. Mot. at 14. JA Solar cites to another proceeding, the 2023-24 antidumping review of solar cells from China, in which Commerce preliminarily excluded from the dumping margin calculation entries of merchandise reported as subject to Appendix VI by mandatory respondent, Vietnam Sunenergy Joint Stock Company Limited (VSUN). *See id.* As an initial matter, the preliminary analysis to which JA Solar cites reflects only Commerce's preliminary calculation for an individually examined respondent and does not constitute a final agency determination, much less establish Commerce's position concerning certifications rejected by CBP. Notably, Commerce only excluded the VSUN's U.S. sales reported as Appendix VI *from the dumping margin calculation.* To the extent any of VSUN's certifications for such entries were rejected by CBP and converted to type-03, those entries would be ultimately liquidated subject to antidumping duties at the applicable rate, whereas any entries with certifications that were accepted by CBP would be liquidated without regard to dumping duties. Therefore, JA Solar, which is not an individually examined respondent in any ongoing administrative review, is incorrect in its claim that Commerce reversed CBP's reclassifications.

JA Solar alleges that they will be immediately and irreparably harmed without a preliminary injunction. Pl. Mot. at 21-25. Specifically, they assert that, absent the Court's intervention, some or all of their entries will be liquidated. *Id.* This risk of irreparable harm is premised on the assumption that liquidation of the entries would render moot any relief. *See* Pl. Mot. at 21. But JA Solar assumes the Court can provide relief in the first place. As discussed above, the Court cannot, given that JA Solar's actual dispute is not Commerce's decision not to initiate a scope inquiry, but rather CBP's conversion of JA Solar's entries after CBP determined that JA Solar's circumvention certificates did not comply with the requirements set forth by Commerce.

Finally, JA Solar has failed to demonstrate that the balance of hardship weighs in its favor. Pl. Mot. at 33. Irrespective of how limited the burden of suspending liquidation may be, plaintiffs must demonstrate that the potential harm it may face *exceeds* that of the Government. *See Qingdao Taifa Group Co., Ltd. v. United States*, 581 F.3d 1375, 1382 (Fed. Cir. 2009); *see also Nken*, 556 U.S. 418, 435 (2009) (explaining that, when the Government is a party, the balance of hardships merges with public interest analysis). The public interest weighs heavily in favor of denying JA Solar's request for an injunction. It is squarely in the interest of the public that the Court uphold the jurisdictional limitations on its own ability to adjudicate a dispute where a party commencing the litigation has no standing. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Subject-matter limitations on federal jurisdiction serve institutional interests. They keep the federal courts within the bounds the Constitution and Congress have prescribed.").

Further, the requested remedy would needlessly add administrative burden and complexity, while undermining the certification regime for the companies that were found to

circumvent the order. Furthermore, this would unnecessarily burden Commerce with a requirement to conduct scope inquiries in a situation where there is no real question regarding the scope of the order. In contrast, all JA Solar was required to do is to fill out and submit a short certification form to CBP demonstrating to CBP's satisfaction that its solar modules produced in Vietnam were made from wafers that were not produced in China. When compared to the administrative burden of conducting an unnecessary scope inquiry, which JA Solar demands, JA Solar's burden of participating in a certification program hardly constitutes a hardship. Within the existing certification regime, JA Solar simply failed to demonstrate that the products at issue are not circumventing the order, a determination that JA Solar does not contest.

Accordingly, the balance of hardship weighs in favor of the United States. The Court should therefore deny JA Solar's request for an injunction.

**CONCLUSION**

For these reasons, we respectfully request that the Court grant our motion to dismiss the amended complaint and deny the motion for preliminary injunction.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

TARA K. HOGAN
Assistant Director

TATE N. WALKER
Trial Attorney
Commercial Litigation Branch
U.S. Department of Justice
Civil Division
P.O. Box 480
Ben Franklin Station

OF COUNSEL:

JACK DUNKELMAN
Attorney
Department of Commerce
Office of Chief Counsel for Trade
Enforcement & Compliance

1401 Constitution Avenue, NW
Washington, DC 20230

Washington, D.C., 20044
Tel: (202) 307-0163
Email: Tate.Walker@usdoj.gov

August 26, 2026

*Attorneys for Defendant*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this response complies with the word limitation in Court of International Trade Standard Chambers Procedures § 2(B)(1), and contains approximately 4,733 words, excluding the parts of the brief exempted from the word limitation. In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.

/s/ Tate N. Walker