**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE JOSEPH A. LAROSKI, JR.**

| | |
|---|---|
| JA SOLAR VIETNAM COMPANY LIMITED, JA SOLAR PV VIETNAM COMPANY LIMITED AND JA SOLAR USA INC., Plaintiffs, v. UNITED STATES, Defendant, and AMERICAN ALLIANCE FOR SOLAR MANUFACTURING, Defendant-Intervenor. | Court No. 26-03142 |

**ORDER**

Upon consideration of Defendant's Motion to Dismiss and Response in Opposition to Plaintiffs' Motion for a Preliminary Injunction (ECF No. 29) and other papers and proceedings herein, it is hereby:

**ORDERED** that Defendant's Motion to Dismiss is Denied;

**SO ORDERED**.

________________________
Joseph A. Laroski, Jr.
Judge

Dated:________________________
New York, New York

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE JOSEPH A. LAROSKI, JR.**

| | | |
|---|---|---|
| JA SOLAR VIETNAM COMPANY LIMITED, JA SOLAR PV VIETNAM COMPANY LIMITED AND JA SOLAR USA INC., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Court No. 26-03142 |
| UNITED STATES, | ) | |
| Defendant, | ) | |
| and | ) | |
| AMERICAN ALLIANCE FOR SOLAR MANUFACTURING, | ) | |
| Defendant-Intervenor. | ) | |

**RESPONSE OF PLAINTIFFS JA SOLAR VIETNAM COMPANY LIMITED, JA SOLAR PV VIETNAM COMPANY LIMITED AND JA SOLAR USA INC. TO MOTION TO DISMISS AND REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Jeffrey S. Grimson
Bryan P. Cenko
Yixin (Cleo) Li
Savannah R. Maxwell
**Mowry & Grimson, PLLC**
5335 Wisconsin Ave., NW, Suite 810
Washington, DC 20015
202.688.3610 (ph)
202.595.8968 (fax)
jsg@mowrygrimson.com

October 1, 2026

# TABLE OF CONTENTS

TABLE OF CONTENTS ..... i

TABLE OF AUTHORITIES ..... ii

ARGUMENT ..... 1

I. THIS COURT SHOULD DENY THE GOVERNMENT'S MOTION TO DISMISS BECAUSE JA SOLAR HAS ARTICLE III STANDING ..... 1

A. JA Solar's Claims Are Fairly Traceable To Commerce's Failure To Initiate a Scope Inquiry ..... 2

B. JA Solar's Claims Can Be Redressed by the Initiation of a Scope Inquiry ..... 10

II. THIS COURT SHOULD GRANT JA SOLAR'S MOTION FOR A PRELIMINARY INJUNCTION ..... 14

## TABLE OF AUTHORITIES

### CASES

Aloha Pencil Co., LLC v. United States,
834 F. Supp. 3d 1323 (Ct. Int'l Trade 2026) ..... 1

Browning v. Clinton,
292 F.3d 235 (D.C. Cir. 2002) ..... 1

Duferco Steel, Inc. v. United States,
296 F.3d 1087 (Fed. Cir. 2002) ..... 13

Fuji Photo Film Co. v. Int'l Trade Comm'n,
474 F.3d 1281 (Fed. Cir. 2007) ..... 1, 2

Henke v. United States,
60 F.3d 795 (Fed. Cir. 1995) ..... 1

Hou. Shutters LLC v. United States,
816 F. Supp. 3d 1349 (Ct. Int'l Trade 2026) ..... 1

Intercontinental Chems., LLC v. United States,
483 F. Supp. 3d 1232 (Ct. Int'l Trade 2020) ..... 1

JCM, Ltd. v. United States,
210 F.3d 1357 (Fed. Cir. 2000) ..... 1

Jinxiang Huameng Imp & Exp Co. v. United States,
228 F. Supp. 3d 1348 (Ct. Int'l Trade 2017) ..... 1

Norsk Hydro Can. Inc. v. United States,
350 F. Supp. 2d 1172 (Ct. Int'l Trade 2004) ..... 3

Norsk Hydro Can., Inc. v. United States,
472 F.3d 1347 (Fed. Cir. 2006) ..... 2, 3, 9, 10

Pennell v. City of San Jose,
485 U.S. 1 (1988) ..... 1

Rimco Inc. v. United States,
98 F.4th 1046 (Fed. Cir. 2024)...... 2, 4

Spokeo, Inc. v. Robins,
578 U.S. 330 (2016)...... 2

Warth v. Seldin,
422 U.S. 490 (1975)...... 1

Xerox Corp. v. United States,
289 F.3d 792 (Fed. Cir. 2002)...... 13

STATUTES

19 U.S.C. § 1677j...... 11

28 U.S.C. § 1581...... passim

OTHER AUTHORITIES

Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam, 88 Fed. Reg. 57,419 (Dep't of Commerce Aug. 23, 2023)...... 12

REGULATIONS

19 C.F.R. § 351.225...... 8, 14

## ARGUMENT

### I. THIS COURT SHOULD DENY THE GOVERNMENT'S MOTION TO DISMISS BECAUSE JA SOLAR HAS ARTICLE III STANDING

This Court should deny the Government's Motion to Dismiss as it has jurisdiction over the claims of Plaintiffs JA Solar Vietnam Company Limited, JA Solar PV Vietnam Company Limited and JA Solar USA Inc. (collectively, "JA Solar"). See Def.'s Mot. to Dismiss and Resp. in Opp. to Pls.' Mot. for a Prelim. Inj. (Aug. 27, 2026), ECF No. 29 ("Gov.'s Mot. to Dismiss and Resp.").

A motion to dismiss "tests the legal sufficiency of a complaint," rather than challenging the substance of the claim as would a motion for summary judgment. Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002). Whether the court has jurisdiction is "a question of law." Intercontinental Chems., LLC v. United States, 483 F. Supp. 3d 1232, 1236 (Ct. Int'l Trade 2020) (citing JCM, Ltd. v. United States, 210 F.3d 1357, 1359 (Fed. Cir. 2000)). "When subject-matter jurisdiction is challenged at the motion to dismiss stage, courts generally must presume that the material factual allegations in the complaint are true and construe the complaint in the plaintiff's favor." Aloha Pencil Co., LLC v. United States, 834 F. Supp. 3d 1323, 1327 (Ct. Int'l Trade 2026) (citing Pennell v. City of San Jose, 485 U.S. 1, 7 (1988); Warth v. Seldin, 422 U.S. 490, 501 (1975)); see also Hou. Shutters LLC v. United States, 816 F. Supp. 3d 1349, 1351 (Ct. Int'l Trade 2026). Further, "{t}he court must draw all reasonable inferences in Plaintiff's (the non-movant's) favor when deciding Defendant's motion to dismiss." Jinxiang Huameng Imp & Exp Co. v. United States, 228 F. Supp. 3d 1348, 1350 (Ct. Int'l Trade 2017) (citing Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995)).

The Government is correct that JA Solar must have Article III standing for this Court to possess jurisdiction over JA Solar's claims. See Gov.'s Mot. to Dismiss and Resp. at 9 (citing Fuji Photo Film Co. v. Int'l Trade Comm'n, 474 F.3d 1281, 1289 (Fed. Cir. 2007)). This Court, however,

must reject the Government's assertion that JA Solar failed to establish "the elements required for Article III Standing." Id. (quoting Fuji Photo, 474 F.3d at 1289). To establish Article III standing, JA Solar must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). Contrary to the Government's arguments, the alleged harm identified by JA Solar in its complaint – the application of antidumping ("AD") and countervailing ("CVD") duties against non-scope merchandise – would have been both fairly traceable and redressable if Commerce had initiated a scope inquiry. Cf Gov.'s Mot. to Dismiss and Resp. at 9. This Court, therefore, should deny the Government's Motion to Dismiss because JA Solar has Article III standing to challenge Commerce's determination to not initiate a scope inquiry.

### A. JA Solar's Claims Are Fairly Traceable To Commerce's Failure To Initiate a Scope Inquiry

The Government wrongly maintains that "JA Solar's alleged injury is not fairly traceable to Commerce's decision not to initiate a scope inquiry" because the "true nature of JA Solar's complaint is to {U.S. Customs and Border Protection}'s rejection of its certifications." Gov.'s Mot. to Dismiss and Resp. at 8-11 (citing Norsk Hydro Can., Inc. v. United States, 472 F.3d 1347, 1355 (Fed. Cir. 2006)). Determining the "true nature" of a complaint is a "factual inquiry requir{ing} {a} court to identify the particular agency action underlying the claimed harm, so that we may determine which subsection of § 1581 provides the CIT with proper jurisdiction." Rimco Inc. v. United States, 98 F.4th 1046, 1052 (Fed. Cir. 2024). In both Norsk Hydro and Rimco, as relied on by the Government, the Court found that the "true nature" of Plaintiff's claims in those cases challenged an action by Commerce as opposed to U.S. Customs and Border Protection ("CBP"). Norsk Hydro, 472 F.3d at 1355; Rimco, 98 F.4th at 1053. Here too, the true nature of JA Solar's

claims is against Commerce's determination to not initiate a scope inquiry which will result in the application of AD/CVD against non-scope merchandise.

The Federal Circuit's holding in Norsk Hydro makes clear that the Government cannot twist the record to reach its preferred reading of a party's claims and instead supports the conclusion that this Court possesses jurisdiction over JA Solar's claims. In Norsk Hydro, CBP failed to timely liquidate certain entries of Norsk Hydro Canada, Inc. ("NHC") resulting in those entries being deemed liquidated at a higher subsidy rate than the rate calculated by Commerce in the applicable administrative review. See 472 F.3d at 1353. In a subsequent administrative review, NHC requested that Commerce setoff the subsidy rate to compensate for CBP's overcollection of duties in the prior administrative reviews. See id. Commerce found that it lacked statutory authority to correct an error by CBP. See id. at 1354. NHC challenged Commerce's determination alleging jurisdiction under 28 U.S.C. § 1581(c). See id. The United States moved to dismiss NHC's suit for lack of jurisdiction. See id. The Court of International Trade ("CIT") found that it had jurisdiction under § 1581(c) concluding although NHC "may once have had a remedy at {CBP} . . . that exhaustion of such remedy was unnecessary before seeking redress from Commerce." Id. at 1354 (citing Norsk Hydro Can. Inc. v. United States, 350 F. Supp. 2d 1172, 1176-83 (Ct. Int'l Trade 2004)). The Federal Circuit sustained the CIT's holding finding that the true nature of NHC's claims was "a challenge to Commerce's determination that it lacked the authority to make {a} setoff" to the subsidy rate in an administrative review resulting from the alleged overcollection of duties by CBP in a prior review as opposed to a "challenge to the erroneous liquidation {by CBP}." Norsk Hydro, 472 F.3d at 1357. The Federal Circuit in Norsk Hydro, thus, found that an appeal challenging a determination by Commerce, like JA Solar's

claims challenging Commerce's determination to not initiate a scope inquiry, was properly brought under § 1581(c).

Similarly, although the Federal Circuit sustained the CIT's dismissal in Rimco for lack of jurisdiction under § 1581(a), or in the alternative § 1581(i), the court did so because it found that "{CBP}'s assessment of countervailing and antidumping duties is not a protestable decision." 98 F.4th at 1049. Rimco Inc. ("Rimco") "filed a protest challenging {CBP's} assessment of AD and CVD on its imported goods as 'excessive fines' in contravention of the Eighth Amendment." Id. at 1051. CBP denied the protest finding that the statute "does not authorize protests or petitions against Commerce calculations or findings." Id. Rimco appealed CBP's decision, and the CIT dismissed the case finding that CBP performs a ministerial function when it follows Commerce's liquidation instructions and such a function is not a protestable decision. See id. Instead, the CIT found that "the true nature of Rimco's action was 'a challenge to the countervailing and antidumping duty rates set by Commerce in the respective orders . . .'" Id. (citation omitted).

The Federal Circuit sustained the CIT's dismissal of Plaintiff's claims in Rimco for lack of jurisdiction. Id. at 1055. The Federal Circuit held that "in view of the totality of Rimco's allegations, the true nature of its action is to challenge Commerce's AD and CVD rate determinations" and that "{i}nterested parties are directed to raise challenges to Commerce's AD and CVD determinations via administrative review proceedings." Id. at 1053-54. In reaching this holding, the Federal Circuit found that "most of Rimco's factual allegations relate to Commerce's AD and CVD investigations and subsequent final rate determinations." Id. at 1053. In short, both the CIT and Federal Circuit in Rimco looked to allegations raised in Rimco's complaint in determining that the true nature of Rimco's claims was against Commerce. Here, as detailed below,

the factual and legal allegations in JA Solar's complaint establish that its claims are against Commerce and not CBP.

The Government's claims that "the true nature of JA Solar's complaint is to CBP's rejection of its certifications" and that JA Solar "does not seek an actual determination of the physical characteristics of its products" cannot pass muster. Gov.'s Mot. to Dismiss and Resp. at 11. JA Solar's scope application, complaint, and motion for preliminary injunction establish that JA Solar's claims are clearly against Commerce's determination to not initiate a scope inquiry which will result in the application of AD/CVD against non-scope merchandise.

In its underlying application, contrary to the Government's assertions, JA Solar made clear that it requested that Commerce initiate a scope inquiry to determine that JA Solar's cells and modules were non-scope merchandise based on their physical characteristics as shown below:

- "As we explain below, while the certification regime existed at the time of JA Solar's imports that are the subject of its scope ruling request, JA Solar's request is based solely on the unique physical characteristics of its merchandise, having wafers made in Vietnam (not China) of American polysilicon."
- "JA Solar files this scope request for Commerce to confirm a simple fact: JA Solar's Vietnamese solar cells and the modules containing those cells are made with wafers produced in Vietnam, not China, and therefore are outside of the scope of the antidumping ("AD") and countervailing duty ("CVD") cases on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China, including its extension to certain other products made in Vietnam and other countries in the so-called "Auxin" anti-circumvention proceeding."
- "U.S. Customs and Border Protection ("CBP") cannot make AD/CVD scope determinations, although CBP is well aware that JA Solar's U.S. imports rely on non-Chinese wafers following multiple enquiries by CBP itself. Now, JA Solar has no other option but to request Commerce to issue a scope ruling."
- "With one critical exception, the physical description of the merchandise subject to this request matches the physical description in the scope of the AD/CVD orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China ("Solar I AD/CVD Orders" or "Solar I"). The key distinction here is that the merchandise

subject to this request is produced in Vietnam using only non-Chinese polysilicon sourced almost exclusively from the United States which is then manufactured into wafers and solar cells entirely in Vietnam."

- "As discussed in greater detail in response to Question 7, below, JA Solar's finished solar modules produced in Vietnam and shipped to the United States are not subject to Solar I because none of the production processes above occur in China and because the wafers utilized in JA Solar's production are self-produced in Vietnam using U.S.-origin polysilicon."
- "The products subject to this request are crystalline silicon photovoltaic cells, whether or not assembled into modules, which are manufactured in, and exported from, Vietnam using Vietnamese-origin cells and wafers."
- "As noted above, the only distinction between merchandise found to be subject to the scope of Solar I through the Solar Circumvention Final Determination and the merchandise subject to this request is that the production of the polysilicon ingots, wafers, and solar cells incorporated into merchandise subject to this request occurs in Vietnam, rendering the merchandise subject to this request outside the scope of Solar I."

Letter on Behalf of JA Solar to Dep't of Commerce re: Resp. to Supplemental Question and Re-Submission of Scope Ruling Application at 2, Section II, at 1-2, 7, 16, 19 (Apr. 28, 2026) (Public Version) (ACCESS Barcode 4916523-01) ("JA Solar Scope App.") (P.R. 30). In sum, the crux of JA Solar's scope application was that its solar cells and modules were non-scope merchandise based on their physical characteristics – i.e., that they were manufactured with U.S. polysilicon and non-Chinese wafers.

The factual allegations in JA Solar's complaint demonstrate that it is challenging Commerce's determination not to initiate a scope inquiry as shown below:

- "This action seeks judicial review of the decision by the Department of Commerce ("Commerce") not to initiate the scope inquiry after receiving JA Solar's scope ruling application requesting Commerce to determine whether JA Solar's Vietnamese solar cells and modules made from non-Chinese wafers are outside the scope of the antidumping ("AD") and countervailing duty ("CVD") orders on crystalline silicon photovoltaic cells, whether or not assembled into modules from the People's Republic of China ("China Orders")."
- "On March 27, 2026, after Commerce had not shown any inclination to review JA Solar's entries in the context of an administrative review, JA Solar submitted

a scope ruling application requesting that Commerce determine whether JA Solar's Vietnamese solar cells and modules made from non-Chinese wafers are within the scope of the China Orders."

- "JA Solar, however, explained that its 'merchandise is physically not within the scope of the Solar I AD/CVD orders and, for this reason, the certification regime referenced by Commerce has no definitive legal bearing on JA Solar's scope ruling request.'"
- "On May 27, 2026, Commerce issued a letter declining to initiate a scope inquiry, even though it acknowledged that JA Solar's entries subject to the scope ruling application were outside the scope of the China Orders. . . ."

First Amended Compl. at 1, 23, 25 (July 17, 2026) (Nonconfidential Version), ECF No. 12 ("Amended Compl.").

JA Solar included the details surrounding Commerce's affirmative circumvention finding, CBP's rejection of its certifications and Commerce's refusal to address these issues in ongoing administrative reviews in its factual allegations to provide context that it submitted a scope application due to Commerce's failure to address its claims in any other forum. See id. at 1-26. Importantly, as noted above, JA Solar emphasized in its complaint that the certification regime "has no definitive legal bearing on JA Solar's scope ruling request." Id. at 25. JA Solar also explained that even though Commerce rejected its scope ruling request on the basis that Commerce concluded that the matter fell within the jurisdiction of CBP, Commerce nevertheless "did not cite any insufficiencies of the scope ruling application itself in the denial letter." Id. at 26. In other words, the Government now seeks dismissal of JA Solar's complaint on the same factual basis that JA Solar challenges as being insufficient for Commerce's determination to not initiate a scope inquiry. The Government cannot reasonably seek to dismiss this case when JA Solar is challenging this very finding in its appeal.

The legal claims in JA Solar's complaint further demonstrate that JA Solar challenges Commerce's determination to not initiate a scope inquiry as opposed to CBP's rejection of its certifications as shown below:

- "Commerce's determination not to initiate a scope inquiry was not supported by substantial evidence and otherwise not in accordance with law because Commerce failed to follow its own regulations which require the initiation of a scope inquiry where an application is complete."
- "Further, Commerce's determination not to initiate a scope inquiry was not supported by substantial evidence and otherwise not in accordance with law because Commerce unlawfully abdicated its duty to determine the scope of the AD/CVD Orders on China by finding that JA Solar's request for Commerce to determine that its imports of solar cells and modules were non-scope merchandise fell within CBP's jurisdiction."
- "Commerce abused its discretion in declining to initiate a scope inquiry as JA Solar's scope application was neither 'incomplete or otherwise unacceptable.'" 19 C.F.R. § 351.225(d)(1)(i)."
- "Commerce's determination not to initiate a scope inquiry, where Commerce acknowledged that JA Solar reported that its solar cells and modules are non-subject merchandise, was not supported by substantial evidence and was otherwise not in accordance with law because Commerce has contravened its statutory authority by instructing CBP to apply AD/CVD on non-scope merchandise."

Id. at 28-30. JA Solar clarified in its legal claims that it is not challenging an action by CBP because "CBP performs a ministerial duty in enforcing the scope decision made by Commerce." Id. at 27; see also id. at 28 ("CBP merely fulfilled its ministerial duty to convert entries to Type 03 where it found that certain certification requirements were not met, without any analysis of the physical characteristics of the imported merchandise."). The Government's attempts to twist JA Solar's legal claims to support its motion to dismiss ring hollow when JA Solar made clear that it is challenging an action by Commerce and even clarified that it is not challenging a ministerial action performed by CBP.

JA Solar's motion for preliminary injunction further illustrates that JA Solar's legal claims are against Commerce as opposed to CBP. In moving for a preliminary injunction, JA Solar had to address whether it was likely to succeed on the merits. See JA Solar's Mot. for a Prelim. Inj. at 25-33 (July 27, 2026) (Nonconfidential Version), ECF No. 14 ("JA Solar Mot. for PI"). JA Solar's arguments challenged: (1) Commerce's failure to follow its own regulation when it declined to initiate a scope inquiry, (2) Commerce's failure to provide a reasonable explanation for abdicating its role to determine the scope of the AD/CVD Orders on solar cells and modules from China ("China Orders"), (3) Commerce's abuse of discretion in not initiating a scope inquiry and (4) Commerce's determination to not initiate a scope inquiry will result in the unlawful collection of AD/CVD against non-scope merchandise. See id. at 26-33. JA Solar's legal arguments, thus, focus on Commerce's unlawful actions as opposed to any challenges against CBP's reclassification of JA Solar's certifications.

The Government cites to a single example on the record where JA Solar stated that CBP improperly reclassified its entries as Type 03 as evidence that the true nature of JA Solar's claims is against CBP. Gov.'s Mot. to Dismiss and Resp. at 11 (citing JA Solar Scope App. Section II at 6 (P.R. 30)). The availability of a potential remedy by CBP, however, does not correlate with the lack of a remedy by Commerce where a plaintiff's legal challenge focuses on the powers reserved for Commerce. See Norsk Hydro, 472 F.3d at 1355. Particularly, the Federal Circuit in Norsk Hydro concluded that while NHC "could have remedied the deemed liquidations to Customs . . . and that the results of such a protest would have been judicially reviewable pursuant to § 1581(a), this case is not a request to review any such protest, but rather a request to review Commerce's legal determination that it has no authority to make the requested setoff." Id. The Federal Circuit held that "{a}s long as plaintiff alleges an injury actionable under subsection (c), there is no reason

to disallow it simply because, at one time, that injury would have been redressable under subsection (a)." Id. at 1356. Here too, just because JA Solar could challenge CBP's reclassification of its certifications does not mean that JA Solar cannot separately challenge Commerce's determination to not initiate a scope inquiry under § 1581(c).[1]

In sum, contrary to the Government's assertions, the true nature of JA Solar's claims is against Commerce's decision to not initiate a scope inquiry. The alleged harm against JA Solar – the application of AD/CVD against JA Solar's non-scope solar cells and modules – is directly traceable to Commerce's decision not to initiate a scope inquiry. As discussed below, had Commerce initiated a scope inquiry, then the only reasonable conclusion is that JA Solar submitted sufficient evidence demonstrating that its solar cells and modules are not subject to AD/CVD because they were assembled with non-Chinese wafers and U.S. polysilicon.

**B. JA Solar's Claims Can Be Redressed by the Initiation of a Scope Inquiry**

JA Solar's claims can be redressed by the initiation of a scope inquiry. Cf Gov.'s Mot. to Dismiss and Resp. at 11 ("A scope inquiry therefore would not resolve the circumstance causing JA Solar's entries to be subject to the orders."). If Commerce had initiated a scope inquiry, the only reasonable finding that Commerce could reach is that JA Solar's solar cells and modules are non-scope merchandise. Commerce could then properly instruct CBP to not apply AD/CVD against JA Solar's cells and modules.

The Government wrongly argues that "the coverage of {JA Solar's} merchandise results from the affirmative circumvention determination rather than from the original scope language

---

[1] If this Court determines that jurisdiction is not available under § 1581(c), this Court should nonetheless deny the Government's motion to dismiss because this Court possesses jurisdiction over JA Solar's claims under § 1581(i). JA Solar's claims are not "amenable to a protest and jurisdiction under 28 U.S.C. § 1581(a) is not available to resolve the scope question posed by {JA Solar}." Amended Compl. at 5. Further, "{j}urisdiction is also not available under 28 U.S.C. § 1581(a) because it would be manifestly inadequate to address JA Solar's claims." Id.

alone." Gov.'s Mot. to Dismiss and Resp. at 10. According to the Government, "a scope ruling favorable to JA Solar would not remedy the certification deficiencies or otherwise establish that JA Solar's entries are exempt from the circumvention determination." Id. at 13. The Government misstates the relationship between Commerce's affirmative circumvention finding and the impact on the underlying AD/CVD Orders.

An affirmative circumvention finding brings merchandise within the scope of an AD/CVD order that otherwise falls outside the plain language of the scope. Specifically, under 19 U.S.C. § 1677j(b)(1), where Commerce makes an affirmative circumvention finding, it can "include {merchandise subject to an affirmative circumvention finding} within the scope of {the} order." 19 U.S.C. § 1677j(b)(1). The Government maintains that Commerce's country-wide circumvention finding applies to all of JA Solar's cells and modules. See Gov.'s Mot. to Dismiss and Resp. at 10. The Government ignores that Commerce narrowly defined the merchandise subject to its affirmative circumvention findings as:

> (A) crystalline silicon photovoltaic cells that meet the physical description of crystalline silicon photovoltaic cells in the scope of the underlying *Orders,* subject to the exclusions therein, whether or not partially or fully assembled into other products, that were produced in Cambodia, Malaysia, Thailand, or Vietnam, from wafers produced in China; and
>
> (B) modules, laminates, and panels consisting of crystalline silicon photovoltaic cells, subject to the exclusions for certain panels in the scope of the underlying orders, whether or not partially or fully assembled into other products, that were produced in Cambodia, Malaysia, Thailand, or Vietnam from wafers produced in China and where more than two of the following components in the module/laminate/panel were produced in China: (1) silver paste; (2) aluminum frames; (3) glass; (4) backsheets; (5) ethylene vinyl acetate sheets; and (6) junction boxes.

Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Scope Determination

and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam, 88 Fed. Reg. 57,419, 57,420 (Dep't of Commerce Aug. 23, 2023) (emphasis added). Commerce then clarified that "U.S. imports of inquiry merchandise are circumventing the *Orders* on a country-wide basis. As a result, we determine that this merchandise is covered by the *Orders*." Id. (emphasis added). In other words, Commerce's affirmative circumvention finding, which pulled this merchandise within the scope of the China Orders, only applied to inquiry merchandise. Inquiry merchandise excludes solar cells and modules that are assembled with non-Chinese wafers.

The Government substantially mischaracterizes the record in claiming that "JA Solar has already confirmed that its merchandise was the inquiry merchandise made subject to the orders via the final circumvention determination." Gov.'s Mot. to Dismiss and Resp. at 12 (citing JA Solar Scope App. at 39 (P.R. 30) and Amended Compl. at 25). JA Solar explained in its scope ruling application that its solar cells and modules are not subject to the scope of the AD/CVD Orders because they were assembled with non-Chinese wafers. See JA Solar Scope App. at 39 (Public Version) (P.R. 30). In particular, JA Solar detailed that "{t}he physical description of the merchandise subject to this request is identical to the physical description of merchandise covered by the scope of the Solar I AD/CVD Orders, with the exception that the solar cells and modules subject to this request are manufactured in Vietnam using polysilicon wafers also manufactured in Vietnam." Id. (emphasis added). JA Solar then clarified that "the merchandise subject to this request does not fall under the scope of {the AD/CVD Orders}." Id. Analogously, in its complaint, JA Solar detailed that "its 'merchandise is physically not within the scope of the Solar I AD/CVD orders and, for this reason, the certification regime referenced by Commerce has no definitive legal bearing on JA Solar's scope ruling request.'" Amended Compl. at 25 (citation omitted). JA Solar,

thus, never claimed that its merchandise was subject to the AD/CVD Orders because of Commerce's circumvention finding. Rather, JA Solar repeatedly explained that its solar cells and modules fell outside the scope of the AD/CVD Orders based on their physical characteristics.

CBP merely performed a ministerial role in converting JA Solar's entries to Type 03 such that JA Solar's solar cells and modules were incorrectly pulled within Commerce's purview under the AD/CVD Orders. See Amended Compl. at 4-5 (explaining that JA Solar's claims are not amenable to a protest because CBP performed a ministerial role); see also Xerox Corp. v. United States, 289 F.3d 792, 794 (Fed. Cir. 2002) ("Customs is charged with the ministerial function of fixing 'the amount of duty to be paid' on subject merchandise"). Indeed, CBP lacked flexibility to not convert JA Solar's entries to Type 03 once it found that JA Solar did not meet certain certification requirements as Commerce instructed CBP to both suspend the entry and collect AD/CVD cash deposits if it determined that these certification requirements were not met. See Amended Compl. at 5 (citing CBP Message No. 3243401 (Aug. 31, 2023)); id. Ex. 3 (attaching CBP Message No. 3243401).

Once CBP performed its ministerial function in converting JA Solar's entries to Type 03 pursuant to the instructions it received from Commerce, the burden then shifted to Commerce to determine whether JA Solar's merchandise fell within the scope of the AD/CVD Orders. Commerce is the governmental agency tasked with establishing the scope of AD and CVD orders. See Duferco Steel, Inc. v. United States, 296 F.3d 1087, 1089 (Fed. Cir. 2002) ("Commerce has 'inherent power to establish the parameters of the investigation.'") (citation omitted). CBP, in fact, directs importers to request a scope ruling from Commerce if importers believe that the imported goods fall outside the scope of an AD/CVD order, but CBP nevertheless requires the payment of AD/CVD. See Amended Compl. at 27; id. Ex. 31. If Commerce had initiated a scope inquiry, the

only reasonable determination is that JA Solar's cells and modules are non-scope merchandise. Commerce's regulations provide that where it "issues a final scope ruling . . . that the product is not covered by the scope of the order . . . {Commerce} will order {CBP} to terminate the suspension of liquidation and refund any cash deposits for such entries." 19 C.F.R. § 351.225(l)(4) (2026). This is the exact relief sought by JA Solar – that AD/CVD is not applied against its non-scope merchandise. JA Solar's claims, thus, could have been redressed by the initiation of a scope inquiry.

For these reasons, this Court must deny the Government's motion to dismiss. JA Solar has Article III standing to bring its claims as the alleged harm identified by JA Solar in its complaint – the application of AD/CVD against JA Solar's non-scope merchandise – would have been both fairly traceable and redressable if Commerce had initiated a scope inquiry.

## II. THIS COURT SHOULD GRANT JA SOLAR'S MOTION FOR A PRELIMINARY INJUNCTION

This Court should grant JA Solar's Motion for a Preliminary Injunction because all four injunctive factors weigh in JA Solar's favor. See JA Solar Mot. for PI at 20-34 (Nonconfidential Version) (detailing how JA Solar will suffer irreparable and immediate injury, is likely to prevail on the merits, the public interest is served by granting an injunction and the balance of hardships favors JA Solar). The Government's arguments that the injunctive factors weigh against granting injunctive relief are unpersuasive as discussed below.

The Government's primary argument is that JA Solar is not entitled to injunctive relief because JA Solar is not likely to succeed on the merits as JA Solar lacks standing to bring its claims. See Gov.'s Mot. to Dismiss and Resp. at 14. Similarly, the Government asserts that JA Solar would not suffer irreparable harm from the liquidation of its entries given that this Court cannot provide relief in the first instance as JA Solar's dispute is with CBP and not Commerce. See id. at 15.

Further, the Government maintains the public interest weighs against granting injunctive relief to preserve the CIT's jurisdictional limits. See id. As explained above, JA Solar has standing to bring its claims as the alleged harm – the application of AD/CVD against JA Solar's non-scope merchandise – would have been both fairly traceable and redressable if Commerce had initiated a scope inquiry. See supra Section I. As this Court has jurisdiction over JA Solar's claims, the Government's arguments that it is likely to succeed on the merits,[2] that JA Solar will not suffer irreparable harm if its entries liquidate and that the public interest favors the Government all fail on their face.

Finally, this Court must disregard the Government's claim that the balance of hardships favors denying injunctive relief as an injunction would "needlessly add administrative burden and complexity." Gov.'s Mot. to Dismiss and Resp. at 15. CBP regularly suspends entries during an appeal. Nor can the Government reasonably assert that an injunction would burden the certification regime. See id. at 16. Commerce's certification regime itself allows for Commerce's review of the certified entries. See CBP Message No. 3041408 (Feb. 10, 2023); CBP Message No. 3243401 (Aug. 31, 2023); CBP Message No. 3076407 (Mar. 17, 2023); see also Amended Compl. at 12 (explaining that the cited messages "operated together to (1) expand the application of the China {solar} AD {and CVD} order{s} to exports of solar cells and modules with country of origin Vietnam, Thailand, Cambodia or Malaysia that meet certain unique criteria established by the Presidential emergency proclamation, while (2) preserving them in suspended status pending 'specific liquidation instructions'"). The fact that Commerce's own instructions indicated that

[2] The Government buries its analysis of the merits of JA Solar's legal arguments in a single footnote. See Gov.'s Mot. to Dismiss and Response at 12 n.3. This Court should not give any credence to the Government's arguments at this stage as the Government provides no analysis for its claim that the "plain language and clear history of the orders resolves {JA Solar}'s issues." Id. (quotation and citation omitted).

CBP should not act pending further instruction from Commerce demonstrates that Commerce recognized the need to address certification questions in a separate proceeding.

For these reasons, and those presented in JA Solar's underlying motion, this Court should grant JA Solar's Motion for a Preliminary Injunction.

Respectfully submitted,

Dated: October 1, 2026

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Bryan P. Cenko
Yixin (Cleo) Li
Savannah R. Maxwell
Mowry & Grimson, PLLC
5335 Wisconsin Ave., NW, Suite 810
Washington, DC 20015
202-688-3610
jsg@mowrygrimson.com
*Counsel to JA Solar Vietnam Company Limited, JA Solar PV Vietnam Company Limited and JA Solar USA Inc.*

## CERTIFICATE OF COMPLIANCE

As required by Paragraph 2 of the Standard Chambers Procedures of the Court of International Trade, I, Jeffrey S. Grimson, hereby certify that this response complies with the word limitations set forth in Paragraph 2(B) of the Standard Chambers Procedures to this case. Excluding the table of contents, table of authorities, signature block and any certificates of counsel, the word count for this brief is 5,150 words.

Dated: October 1, 2026

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
**Mowry & Grimson, PLLC**
5335 Wisconsin Avenue, NW, Suite 810
Washington, D.C. 20015
202-688-3610
jsg@mowrygrimson.com
*Counsel to JA Solar Vietnam Company Limited, JA Solar PV Vietnam Company Limited and JA Solar USA Inc.*